Marjorie **ROSHTO**

v.

**CHRYSLER CORPORATION.**

**Civ. A. No. 74–2420.**

United States District Court,
E. D. Louisiana.

May 20, 1975.

Daniel S. Foley, Dodd, Barker, Boudreaux, Lamy & Gardner, New Orleans, La., for plaintiff.

David J. Conroy, H. H. Hillyer, III, John T. Nesser, III, Milling, Benson, Woodward, Hillyer & Pierson, New Orleans, La., for defendant.

HEEBE, Chief Judge:

This cause came on for hearing on a previous day on the motion of the defendant for the Court to fix a cutoff date for the appearance of additional plaintiffs.

The Court, having heard the arguments of counsel and having studied the legal memoranda submitted by the parties, is now fully advised in the premises and ready to rule. Accordingly,

It is the order of the court that the motion of the defendant, Chrysler Corporation, be, and the same is hereby, granted.

## REASONS

In this action, the plaintiff alleges that the defendant has discriminated against her and others similarly situated on the basis of age in contravention of the Age Discrimination in Employment Act of 1967, 29 U.S.C.A. § 621 *et seq.* Before us now is a motion by the defendant for the Court to fix a cutoff date for the appearance of additional plaintiffs. Plaintiff has no objection to this procedure so long as she is given the right to notify all potential plaintiffs of the pendency of this action. Since it is this condition which forms the real focal point of disagreement between the parties, we turn our attention to considering it first.

Ordinarily, the resolution of most problems concerning the proper management of a class action begins with an analysis of Rule 23 of the Federal Rules of Civil Procedure. Unfortunately, this is not an ordinary class action. Though the plaintiff sues for herself and others similarly situated, she does not do so under the authority of Rule 23. Instead,

the Age Discrimination in Employment Act provides that its provisions shall be enforced "in accordance with the powers, remedies, and procedures provided in sections 211(b), 216 (except for subsection (a) thereof), and 217" of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (29 U.S.C. § 626(b)). Section 216(b) of that Act creates a statutory class action separate and distinct from a Rule 23 class action. In pertinent part that section reads as follows:

> "Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."

Whether this statutory scheme precludes the possibility of a Rule 23 class action under the Age Discrimination in Employment Act is a question which has yet to be conclusively resolved by the courts. We note that the emerging majority view suggests that § 216(b) is exclusive, providing for the only type of class action permissible under the Act. Lachapelle v. Owens-Illinois, Inc., 64 F.R.D. 96 (N.D.Ga.1974); Hull v. Continental Oil Company, 58 F.R.D. 636 (S.D.Tex. 1973); Burgett v. Cudahy Company, 361 F.Supp. 617 (D.Kan.1973); *contra*, Blankenship v. Ralston Purina Company, 62 F.R.D. 35 (N.D.Ga.1973). We do not reach this issue, however. Though plaintiff originally filed this action as a Rule 23 class action, she soon amended her complaint to reflect that its class action aspects were brought under § 216(b).

A comparison of the provisions of § 216(b) and the provisions of Rule 23 reveals some obvious important differences. In order to maintain a § 216(b) class action, the representative plaintiff need not show compliance with the requirements of Rule 23(a) and (b) of the Federal Rules of Civil Procedure. Furthermore, as noted by several courts, § 216(b) fails to establish procedures whereby class members are notified of the action and given the opportunity to "opt out." Maguire v. Trans World Airlines, 55 F.R.D. 48, 49 (S.D.N.Y. 1972); Burgett v. Cudahy Co., *supra*, at 622. The only class members bound by any resulting judgment are those who join the action by filing written consents with the court.

The failure to provide for notice to the class can not be attributed to mere oversight. While notice is, of course, a standard feature of many Rule 23 class actions, it is all too easy to confuse the effect of notice with the true purpose which that notice serves. Needless to say, the effect of notifying potential class members is to alert them to the possibility that they may be sitting on legal claims of their own. Without the benefit of the information provided by the notice, many might never realize that their rights may have been violated and that redress is available in court. However, this interest is not one which class notice is designed to further. Instead, notice is necessary in appropriate cases under Rule 23 so as to provide the due process without which any subsequent judgment might not be binding on all class members. Under Rule 23(c)(2), notice must be ordered so that class members have the opportunity to opt out and avoid being bound by the disposition of the case. As the Advisory Committee noted, the various notice provisions of Rule 23 are "designed to fulfill requirements of due process to which the class action procedure is of course subject." 39 F.R.D. 69, 107 (1966); *see also* Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 173, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1973).

It is readily apparent that the due process considerations which necessitate class notice in certain Rule 23 situations are not present in the case at

bar. As noted above, § 216(b) establishes an "opt in" class action. Only those class members who file written consents are permitted to become plaintiffs. Needless to say, any subsequent judgment in favor of the defendant is binding only upon those who have specifically opted in. Since the legal rights of those who fail to opt in can in no way be adversely affected by any such judgment, no due process interests of theirs can be at stake which need to be protected by the giving of notice.

Moreover, there are important policy considerations of ancient vintage which militate strongly against the giving of notice where not required by due process. The awakening of sleeping plaintiffs by either the plaintiff or the Court would fly in the teeth of the centuries-old doctrine against the solicitation of claims. While we sympathize with the plight of the unascertained number of potential plaintiffs who may be entirely unaware of their legal rights, we must not put our imprimatur on a procedure designed to stir up litigation. This statement is made only because we are unaware of any legal precedent or principle which supports the suggestion that either the plaintiff or the Court has any moral, legal or ethical duty "to act as unsolicited champions of others." Cherner v. Transitron Electronic Corporation, 201 F.Supp. 934 (D.Mass.1962). In short, we believe that our refusal to permit class notice is fully consistent with our legal heritage and with the proper role and use of the courts in our society. *See* Cherner, *supra*, at 936–937.

Turning to defendant's motion to fix a cutoff date for the appearance of additional plaintiffs, we agree with the mover that it is entitled to sufficient time before the trial to adequately prepare a defense against each plaintiff who might join plaintiff Roshto. We note that cutoff dates have been ordered in many § 216(b) cases. *E. g.*, Wright v. United States Rubber Co., 69 F.Supp.

621, 623 (S.D.Iowa 1946); Wilson v. F. J. Egner & Sons, 53 F.Supp. 847 (N. D.Ohio 1944). The Court, therefore, orders that this action be dismissed without prejudice as to all unnamed employees who have not, at least thirty days prior to the trial of this cause, filed written consents with the Court in conformity with § 216(b). This procedure will allow sufficient time for potential class members to opt in should they so desire and at the same time should afford the defendant adequate time to prepare its defenses. The Court assures the defendant that if thirty days proves to be insufficient to prepare its defenses, a timely motion to continue the trial will be entertained.