**KINNEY SHOE CORPORATION, a New York Corporation, Defendant-Appellant,**

v.

**Bob W. VORHES and John A. Wagner et al., Plaintiffs-Appellees.**

No. 75–2242.

United States Court of Appeals, Ninth Circuit.

Oct. 25, 1977.

Albert H. Ebright, argued, Ball, Hunt, Hart, Brown & Baerwitz, Beverly Hills, Cal., for defendant-appellant.

J. David Rosenfield, Alfred H. Krieger, argued, Encino, Cal., for plaintiffs-appellees.

Before DUNIWAY, CHOY and WALLACE, Circuit Judges.

CHOY, Circuit Judge:

Appellant Kinney Shoe Corp. (Kinney) takes this interlocutory appeal from a district court order permitting the sending of notice and consent-to-join forms to potential plaintiffs in a class action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b). We reverse and remand.

### Facts and Proceedings Below

Appellees Bob Vorhes and John Wagner filed this action against appellant Kinney, their former employer, for the recovery of minimum wages and overtime compensation allegedly owed them, and for additional amounts as liquidated and punitive damages and attorney's fees. They proceeded on behalf of themselves and all other Kinney employees similarly situated pursuant to § 216(b). To date of the briefs, seven other employees have intervened or filed written consents-to-join as claimant parties in the action, as permitted under the FLSA.

Appellees moved the district court (1) to compel Kinney to provide the names and addresses of all full-time employees from February 27, 1970 (the date three years prior to the filing of the action) to date of the order, and (2) to have the court prescribe the form and content of notice and consent-to-join forms to be sent to employees who had not yet joined in the action. The court declined to supervise or require the sending of the materials to potential plaintiffs, observing that, since this is not a class action under Federal Rule of Civil Procedure 23, the court was without authorization to do so. It also held that it would be improper for appellees' counsel to send such notice. The court did, however, order Kinney to prepare the employee list so that *appellees themselves* could circulate the forms. They were permitted to consult counsel for review and removal of inaccuracies and potentially defamatory content, and the court directed appellees to submit the proposed notice to Kinney's counsel. The court also stated its availability to resolve any disputes with respect to the notice should the need arise.

Upon the preparation of a proposed notice by appellees, and upon its submission to, rejection by, and subsequent redraft by Kinney, the court ultimately approved the circulation of a notice substantially in the form prepared by Kinney.[1] On February 12, 1975, the court ordered the preparation of the employee list by Kinney, and it permitted the sending of the notice and consent-to-join.[2] The court simultaneously certified that the order contested here involved a controlling question of law and that an immediate appeal would materially advance the litigation. This court granted Kinney permission to take an interlocutory appeal.

Appellate jurisdiction thus rests on 28 U.S.C. § 1292(b). Execution of the order was stayed pending appeal.

### Issues

In a class action under § 216(b) of the FLSA, may the district court (1) compel plaintiffs' former employer to furnish plaintiffs with the names and addresses of all full-time employees during the period dating from three years prior to the commencement of the action, and (2) permit the circulation of a court-approved notice of the instant action to those employees, which

---

1. The notice reads as follows:

    Notice to Full-Time Kinney Shoe Store Present and Former Employees.

    Re: Bob Vorhes, John A. Wagner, and Others Versus Kinney Shoe Corporation and Others.

    DEAR FELLOW EMPLOYEES:

    We, as former retail employees of KINNEY SHOE CORPORATION, have filed a class action under the Federal FAIR LABOR STANDARDS ACT, against KINNEY SHOE CORPORATION and others. In this action we seek to recover overtime compensation and minimum wage compensation which we claim KINNEY owes us.

    KINNEY denies all of our claims. The question of what compensation each of us may be entitled to, if any, will be determined by a judge or jury at the time of trial.

    Our lawsuit is currently pending in the UNITED STATES DISTRICT COURT, located at Los Angeles, California. This letter is intended to advise you of the existence of the action.

    If you were a full-time employee of any of the retail KINNEY shoe stores listed on Exhibit A at any time from FEBRUARY 27, 1970 to FEBRUARY 27, 1973 or if you were so employed on FEBRUARY 27, 1973 and worked after that date and if you claim KINNEY owes you overtime or minimum wage compensation, you may present your claim by yourself or through your own attorney, or you may join in this action. If you wish to join this action, you must sign the enclosed "CONSENT TO JOIN ACTION" before any local notary public and mail before _____, 1975 the original and one copy for filing to the CLERK, UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, 312 NORTH SPRING STREET, LOS ANGELES, CALIFORNIA 90012 in the envelope provided, together with the enclosed instructions to the Clerk of the Court. Please return one conformed copy of the "CONSENT TO JOIN ACTION" to John A. Wagner and keep a conformed copy for your records. If you become a party to this action, you may become liable for costs incurred by KINNEY.

    Very truly yours,
    JOHN A. WAGNER
    BOB W. VORHES

    The consent-to-join form reads as follows:

    Consent to Join Action (Fair Labor Standards Act, 29 USC Sections 216[b] and 256[b]).

    United States District Court, Central District of California.

    Bob Vorhes and John A. Wagner, on behalf of themselves and all others similarly situated, Plaintiffs, vs. Kinney Shoe Corporation, a New York corporation, et al., Defendants. Delores Lewis, et al., No. 73–438–WPG.

    TO THE ABOVE–ENTITLED COURT AND TO EACH PARTY AND COUNSEL OF RECORD:

    State of California, County of _____—ss.

    I, _____, being duly sworn, depose and say:

    I reside at _____, _____, _____. I am over the age of eighteen (18) years.

    I was (am) a full-time employee of the KINNEY SHOE STORE(s) as indicated below and do hereby consent to become a party to the above-captioned action and to be bound by the decision of the Court in connection herewith.

2. The district court order reads as follows:

    (1) Defendant KINNEY SHOE CORPORATION shall provide plaintiffs and intervenors with a list of names and addresses of all KINNEY SHOE CORPORATION's full-time employees in the ten southernmost counties of the State of California for the period February 27, 1970 to the present.

    (2) Plaintiffs are permitted to prepare and to send out a notice to said employees informing them of this action and offering them the opportunity to join in said action.

offered them the opportunity to consent to join in said action?

## Discussion

Appellant Kinney concentrates its argument here on the second part of the district court order permitting a notice and consent-to-join to be sent to former employees. Because our disposition of that issue affects our review of the order to produce, we will consider the two components in reverse order.

### A. The Notice and Consent-to-Join

■ At the outset, it should be emphasized that this class action is being prosecuted under § 216(b), and not under Rule 23. Under § 216(b), a member of the class who is not named in the complaint is not a party unless he affirmatively "opts in" by filing a written consent-to-join with the court. 29 U.S.C. §§ 216(b) & 256. No member of the class is either bound by the class action adjudication or barred from filing an individual claim within the limitations period unless he opts to become a party. See generally 3B Moore's Federal Practice ¶ 23.10[4] (2d ed. 1976). This is in contrast to a Rule 23 class action, where, in general, a member of the class once certified is a party to the action unless he affirmatively "opts out." See Fed.R.Civ.P. 23(c)(2)–(3). A FLSA class action under § 216(b) is "spurious," wherein the res judicata effect extends only to the named parties, see Committee Note of 1966 to Fed.R. Civ.P. 23, 3B Moore's Federal Practice, supra; while in a "true" Rule 23 class action, the res judicata effect of a judgment extends to the entire class, see Committee Note, supra. Aside from the instant context, the question of the applicability of Rule 23 doctrine to § 216(b) cases also arises in suits under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634, by virtue of the provision that the ADEA shall be enforced under § 216(b). 29 U.S.C. § 626(b).

The clear weight of authority holds that Rule 23 procedures are inappropriate for the prosecution of class actions under § 216(b). See LaChapelle v. Owens-Illinois, Inc., 513 F.2d 286, 289 (5th Cir. 1975); McGinley v. Burroughs Corp., 407 F.Supp. 903, 911 (E.D.Pa.1975).[3] At least two circuits have held that Rule 23 and § 216(b) class actions are "mutually exclusive" and "irreconcilable." See Schmidt v. Fuller Brush Co., 527 F.2d 532, 536 (8th Cir. 1975); LaChapelle, supra. Indeed, no case brought to our attention has approved notice to potential § 216(b) class plaintiffs.

Two ADEA cases have considered the issue before us and have held that notice to potential plaintiffs was unavailable in a § 216(b) class action. In McGinley, supra, plaintiffs argued that they could assert their age discrimination claims as a class action under Rule 23. After examining the legislative history of the ADEA, the court reasoned that in light of the clearly-stated applicability of § 216(b) to ADEA actions and the absence of reference to Rule 23—of which Congress was presumably well aware—the legislature had clearly intended § 216(b) to afford a statutory class action "independent of and unrelated to the class action covered by Rule 23 . . . ." 407 F.Supp. at 911.

Plaintiffs then alternatively argued—as appellees argue here—that, even if Rule 23 were itself inapplicable, the court should nevertheless permit a Rule 23-type notice to facilitate the opting-in of potential class members. The court found that adoption of a portion of the procedures of Rule 23 would be just as contrary to the congressional intent as total adoption of the rule. 407 F.Supp. at 911.

In Roshto v. Chrysler Corp., 67 F.R.D. 28 (E.D.La.1975), plaintiff conceded that potential class action aspects in ADEA cases are governed by § 216(b), and defendant

---

**3.** We are aware of only two cases holding to the contrary: Blankenship v. Ralston Purina Co., 62 F.R.D. 35, 39–41 (N.D.Ga.1973), and Laffey v. Northwest Airlines, Inc., 321 F.Supp. 1041, 1042–43 (D.D.C.1971). Blankenship was overruled in LaChapelle, supra, and in any event, as did the court in Paddison v. Fidelity Bank, 60 F.R.D. 695, 700 (E.D.Pa.1973), we decline to follow the minority view of Laffey.

moved the court to fix a cutoff date for the appearance of additional plaintiffs. Plaintiff agreed, provided that she be given the right to notify potential plaintiffs of the pendency of the action. Noting the absence of specific authority for notice procedures in § 216(b) class actions, the court proceeded to analyze extensively the distinctions between Rule 23 and § 216(b).

The failure to provide for notice to the class can not be attributed to mere oversight. While notice is, of course, a standard feature of many Rule 23 class actions, it is all too easy to confuse the effect of notice with the true purpose which that notice serves. Needless to say, the effect of notifying potential class members is to alert them to the possibility that they may be sitting on legal claims of their own. Without the benefit of the information provided by the notice, many might never realize that their rights may have been violated and that redress is available in court. However, this interest is not one which class notice is designed to further. Instead, notice is necessary in appropriate cases under Rule 23 so as to provide the due process without which any subsequent judgment might not be binding on all class members. Under Rule 23(c)(2), notice must be ordered so that class members have the opportunity to opt out and avoid being bound by the disposition of the case. As the Advisory Committee noted, the various notice provisions of Rule 23 are "designed to fulfill requirements of due process to which the class action procedure is of course subject." 39 F.R.D. 69, 107 (1966) . . . .

It is readily apparent that the due process considerations which necessitate class notice in certain Rule 23 situations are not present in the case at bar. As noted above, § 216(b) establishes an "opt in" class action. Only those class members who file written consents are permitted to become plaintiffs. Needless to say, any subsequent judgment in favor of the defendant is binding only upon those who have specifically opted in. Since the legal rights of those who fail to opt in can

in no way be adversely affected by any such judgment, no due process interests of theirs can be at stake which need to be protected by the giving of notice.

67 F.R.D. at 29–30 (citation omitted). The court also considered the policy concerns of avoiding the involvement of either plaintiff or court in the stirring up of litigation and the solicitation of claims. *Id.* at 30. *See Kline v. Coldwell, Banker & Co.*, 508 F.2d 226, 237–39 (9th Cir. 1974) (Duniway, J., concurring), *cert. denied*, 421 U.S. 963, 95 S.Ct. 1950, 44 L.Ed.2d 449 (1975); Cal. Penal Code § 158 (barratry). The notice proviso was refused. *See also American Finance System Inc. v. Harlow*, 65 F.R.D. 94, 111 (D.Md.1974) (rejects suggestion to append § 216(b) notice to Rule 23 notice involved in a related claim); *Paddison v. Fidelity Bank*, 60 F.R.D. 695, 700 (E.D.Pa.1973) (no authority under Rule 23 to issue notice in § 216(b) aspects of case); *Bradford v. Peoples Natural Gas Co.*, 60 F.R.D. 432, 437 (W.D.Pa. 1973) (concern with champerty problem).

We are persuaded that *McGinley* and *Roshto* state the proper rule. Moreover, we find substantial support for the *Roshto* analysis in our own circuit. We considered the justifications for class notice in *Pan American World Airways, Inc. v. United States District Court for the Central District of California*, 523 F.2d 1073 (9th Cir. 1975), which involved at least ten consolidated actions arising from the crash of a Turkish Airlines DC–10 outside of Paris, France. In the course of pretrial hearings and prior to Rule 23 class certification, the district court announced its intention to order production of a list of names and addresses of passengers and their next-of-kin, and that the court would use the list to notify potential plaintiffs of the pending actions. Defendants sought mandamus from this court to prevent notification. We held that notice was neither required by due process nor permitted by any ascertainable source of judicial authority. *Id.* at 1077. Respondents had argued there that

potential plaintiffs are constitutionally entitled to notice of pending actions in which they may join. Respondents cite

no case reaching this conclusion, and understandably so. So long as the persons sought to be notified do not become parties to these actions, they will not be bound by the outcome. Hence they will not be adversely affected by these actions and need not be notified of them. . . When no interest is threatened, no notice is required.

*Id.*

■ As we reasoned in *Pan American*, in any action in which persons who do not affirmatively opt in will not be bound by the outcome, notice is not compelled by due process because the employees' right to litigate will not be compromised merely by their absence from the class proceedings. Appellees' citations to *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974), *Armstrong v. Manzo*, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965), *Schroeder v. City of New York*, 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962), *Covey v. Town of Somers*, 351 U.S. 141, 76 S.Ct. 724, 100 L.Ed. 1021 (1956), and *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950)—Supreme Court cases all dealing with notice where disposition of the case absent the party raising the notice issue would prejudice his legal interests—are thus inapposite. The *Pan American* court also disapproved notice to potential plaintiffs where based either on an unspecified "residual power," *see* 523 F.2d at 1077 n.3, or on Federal Rules of Civil Procedure 19–21, *see* 523 F.2d at 1078, 1079–80, additional points advanced by appellees here as well.

For the foregoing reasons, the order of the district court permitting the circulation of the notice and consent-to-join forms is reversed.

B. *The Order to Produce*

■ The Federal Rules of Civil Procedure endow district judges with broad, discretionary power to control discovery. *See* Fed.R.Civ.P. 26 & 33; *Kamm v. California City Development Co.*, 509 F.2d 205, 209–10 (9th Cir. 1975); *Heathman v. United States District Court for the Central District of* *California*, 503 F.2d 1032, 1035 (9th Cir. 1974). Though basing the instant order to produce the requested employee lists on grounds and for purposes considered and disapproved in the preceding section would be improper, we cannot say that the district court would be entirely without a sustainable basis for its order. *Cf., e. g., Burns v. Thiokol Chemical Corp.*, 483 F.2d 300, 306 (5th Cir. 1973)(in Civil Rights Act suit, statistics showing a past history of bi-racial employment discoverable as relevant despite absence of both "pattern or practice" claim and class allegation). We therefore vacate the order to produce the employee list for reconsideration in light of this opinion.

The district court's order permitting the sending of notice and consent-to-join forms to potential plaintiffs is Reversed; the order to produce the employee list is Vacated; and the cause is Remanded for further proceedings not inconsistent herewith.