Louise **MONTALTO**, Individually and on behalf of all persons similarly situated, Plaintiff,

v.

**MORGAN GUARANTY TRUST COMPANY of New York, Defendant.**

**No. 78 Civ. 4828 MEL.**

United States District Court, S. D. New York.

July 17, 1979.

Sol Lefkowitz, Glen Cove, N. Y., for plaintiff.

Davis, Polk & Wardwell, New York City, for defendant; Michael Mills, New York City, of counsel.

LASKER, District Judge.

In this action brought under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634, plaintiff moves for an order "pursuant to the . . . Act" that the case be maintained as a class action on behalf of those persons filing written consents within a certain age group and category of job, who "performed temporary work and were refused temporary positions," "thereafter refused temporary work" or "who were requested to and retired before the age of 65."

The defendant countermoves to dismiss the action as a class action and to strike Paragraph VI of the complaint which makes class-type allegations against the defendant.

Plaintiff brings this action "to compel employment of plaintiff" and at an earlier stage, in her effort to press the matter as a class action, served interrogatories on the defendant seeking information relating to its personnel policies and acts. Defendant moved to strike the interrogatories and by an order of a Magistrate of this court, the interrogatories were stricken. In addition, the Magistrate was of the opinion that plaintiff had violated Civil Rule 11A of this court by not filing a motion for class action certification within sixty days of the filing of the complaint, and defendant presses this

point in opposition to the plaintiff's motion and support of its own.

## I.

29 U.S.C. § 626(b) specifies that:

"The provisions of this chapter shall be enforced in accordance with the powers, remedies, and procedures provided in sections 211(b), 216 (except for sub-section (a) thereof) . . . . of this title . ."

Section 216(b) of Title 29 U.S.C. reads:

"An action to recover the liability prescribed . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."

The courts have universally held that because of the requirement contained in § 216(b) that each person who wishes to join the "class" must file a consent to be represented by the plaintiff and to be bound by the final judgment, a case brought under the Age Discrimination in Employment Act is not covered by the provisions of Rule 23 of the Fed.R.Civ.P. See, e. g., *La Chapelle v. Owens-Illinois, Inc.,* 513 F.2d 286 (5th Cir. 1975); *Kinney Shoe Corp. v. Vorhes,* 564 F.2d 859 (9th Cir. 1977). The rationale is that Rule 23 establishes a procedural structure only for "opt-out" class actions while the Age Discrimination in Employment Act creates an "opt-in" action: accordingly, the provisions of Rule 23 are inapplicable and irrelevant to age discrimination cases. Indeed, the rule is so clear on this subject that the parties agree that Rule 23 does not apply to the case. For this reason, we believe that the Magistrate's suggestion that Civil Rule 11A of this court applied to

the case is incorrect. That Rule provides in pertinent part:

"(c) Within sixty (60) days after the filing of a pleading asserting a claim for or against a class, the party asserting that claim shall move for a determination under Fed.R.Civ.P. 23(c)(1) as to whether the action is to be maintained as a class action and, if so, the membership of the class."

It is clear by its terms that Rule 11A was adopted merely to implement Rule 23, Fed. R.Civ.P., on a local basis. *Unger v. Duffy,* 78 Civ. 481 (August 6, 1976).[1] Accordingly, there is no basis in Rule 11A, any more than in Rule 23 of the Fed.R.Civ.P., for granting the plaintiff's application to maintain this case as a class action. (Nor, by the same token, is there any basis for denying the plaintiff's motion (as suggested by the defendant) on the sole ground that the requirements of Rule 11A have not been observed.)

With these considerations in mind, it appears altogether inappropriate for the court to "order" that the action be maintained as a class action. To the extent that the plaintiff may hereafter secure filed written consents of eligible plaintiffs pursuant to the provisions of 29 U.S.C. § 216(b) a class or quasi-class action may come into being *de facto* and the assistance of the court will be unnecessary. Without the procurement of such consents, the matter cannot be maintained as a class action and the court has no authority to order that it should be.

Nor is it appropriate for the court to approve notices or consent to join forms. See *Kinney Shoe Corp. v. Vorhes, supra.*[2] No notice appears to be required by 29 U.S.C. § 216(b) and it would be inappropriate for the court to stimulate litigation by giving its imprimatur to any such procedure. *Roshto v. Chrysler Corporation,* 67 F.R.D. 28, 30 (E.D.La.1975). Furthermore, since, under the provisions of 29 U.S.C. § 216(b), any plaintiff joining the case may litigate only claims essentially similar to those raised by the named plaintiff, *Pandis v. Sikorsky Aircraft,* 431 F.Supp. 793 (D.Conn.1977), it seems unnecessary for the court to specify a class "definition." If hereafter disputes arise as to whether a consenting additional plaintiff's claim is essentially similar to plaintiffs, the issue can be determined at the time. Sufficient unto the day.

II.

Various decisions dealing with actions arising under 29 U.S.C. § 216(b) have established a time limit by which any person wishing to join the "class" must file a consent to be represented by plaintiff and to be bound by the final judgment. Such an arrangement is clearly desirable as a tool for conducting the litigation on an orderly basis. Accordingly, the order to be submitted in implementation of this memorandum decision shall provide that each person who wishes to join the "class" must file a consent to be represented by the plaintiff and to be bound by the final judgment no later than ninety days from the filing of that order.

III.

In addition to the motion for a class determination plaintiff moved for discovery of the identity of those persons whom she may wish to recruit as members of the possible "class." To grant such a request for the purpose of enlarging the plaintiff group would not be proper in the circumstances. Accordingly, it is denied but with-

---

1. There Judge Metzner stated that:

"The rule implements the requirement of Rule 23(c)(1), Fed.R.Civ.P. that '[a]s soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained."

2. *Kinney* canvases the whole subject encompassed by the difference in treatment between cases which are covered by Rule 23 Fed.R. Civ.Pr. on the one hand and those covered by 29 U.S.C. § 216(b) on the other. Its comprehensiveness obviates the necessity of a more detailed exposition in this memorandum.

out prejudice to plaintiff's right to discovery as to defendant's personnel acts and policies for the purpose of supporting her claim of alleged discrimination against herself. *Kinney Shoe Corp. v. Vorhes, supra.*

In the light of this disposition, it is unnecessary to strike Paragraph VI of the complaint, which alleges that the defendant has violated the Act with regard to "numerous individuals". While, as the discussion above indicates, the plaintiff cannot represent any such individuals without their written filed consents and the substantial identities of their claims with her, nevertheless she is entitled to make the allegation in support of her individual claim and of the claims of any other eligible persons who timely consent to join in the suit.[3]

Plaintiff's motion for an order that the case be maintained as a class action is denied as is her request for discovery for the purpose of identifying persons who might become members of the "class." Defendant's motion is granted to the extent indicated and to the extent based on provisions of 29 U.S.C. § 216(b) but is denied to the extent based on Civil Rule 11A of this court.

Submit order on notice.

---

**3.** Discussion of the complaint cannot be concluded without noting its weaknesses. While the defendant has not moved to dismiss the complaint, it is correct in stating in its memorandum in support of its motion to dismiss the action as a class action, that the plaintiff does not allege any facts supporting a claim that she personally has been discriminated against, or whether she is a member of the group protect-ed or what her age is or that she was denied employment or retired or fired involuntarily or that she was ever employed by or a prospective employee of the defendant or even that she was qualified for a job with the defendant. These deficiencies may well render the complaint, in its present state, vulnerable to a motion to dismiss.