[No. B179809. Second Dist., Div. Two. Oct. 20, 2005.]

RAQUEL FIGUEROA, Plaintiff and Appellant, v.
NORTHRIDGE HOSPITAL MEDICAL CENTER et al., Defendants and
Respondents.

## Counsel

Schonbrun DeSimone Seplow Harris & Hoffman, Michael D. Seplow, Michael S. Morrison; Helmer Friedman, Gregory D. Helmer and Andrew H. Friedman for Plaintiff and Appellant.

Manatt, Phelps & Phillips, Barry S. Landsberg, Sandra R. King, Andrew L. Satenberg and Benjamin G. Shatz for Defendants and Respondents.

## Opinion

**BOREN, P. J.**—Appellant Raquel Figueroa sought leave to amend her complaint, one year after instituting suit. She proposed to convert two of her six existing individual claims into class action claims. The trial court denied appellant's motion to amend the complaint.

■ We cannot reach the merits of this appeal. An order denying leave to amend a complaint is not appealable. The rule holds true even when the proposed amendment would, for the first time, add class action allegations to the complaint. We dismiss the appeal for lack of jurisdiction.

### FACTS

*The Complaint*

In August 2003, appellant filed her original complaint. Appellant worked as a nurse for respondent Northridge Hospital Medical Center (the Hospital). The Hospital is owned by respondent Catholic Healthcare West (CHW). Appellant allegedly was required to work 12-hour shifts without rest or meal breaks, or overtime pay. While employed at the Hospital, appellant became pregnant. She was allegedly harassed and discriminated against based on her gender, race, national origin, marital status, medical condition and pregnancy. She was denied accommodation for her condition, and claims that she was forced to take an involuntary medical leave of absence. Upon her return to work, appellant was denied an opportunity to pump breast milk for her infant.

The complaint asserts causes of action for (1) failure to accommodate an employee's pregnancy; (2) discrimination and harassment; (3) retaliation for opposing unlawful employment practices; (4) failure to accommodate lactation; (5) failure to pay wages; and (6) unfair business practices.

### The Proposed Amendment

In August 2004, appellant requested leave to file an amended complaint. While appellant's six causes of action remained the same, she sought to expand the plaintiffs in her fifth (failure to pay wages) and sixth (unfair business practices) causes of action to include "[a]ll current and former nurses and other non-exempt employees" of the Hospital and CHW who were denied overtime, meal periods and rest breaks. Appellant estimated the size of the class as being in excess of 100 individuals.

### Opposition to the Proposed Amendment

CHW and the Hospital opposed the amendment. They argued that the class claim would force them to begin this litigation anew after a year of discovery, even though appellant was aware of the alleged wage and benefit violations at the time she filed her original complaint. Respondents maintained that they would be further prejudiced because they have already participated in two costly private mediations with appellant.

### The Trial Court's Ruling

The trial court denied appellant's motion to amend the complaint. It found that appellant "unreasonably delayed" in seeking to add class allegations; that appellant failed to demonstrate that the amendment is necessary to adjudicate her individual claims; and that respondents will be prejudiced because costly discovery and mediations have already been conducted. Finally, the court noted that appellant's claims were highly individualized and it would be inefficient to allow two of appellant's six claims to be prosecuted as class actions when appellant's individual claims predominate.

## DISCUSSION

Figueroa appeals from the denial of her motion for leave to file a first amended complaint asserting new class claims. An order denying leave to amend a complaint is not appealable, unless it has the effect of eliminating all issues between the plaintiff and a defendant so that there is nothing left to be tried or determined. (*Ingram v. Superior Court* (1979) 98 Cal.App.3d 483, 489 [159 Cal.Rptr. 557]; *Randle v. City and County of San Francisco* (1986) 186 Cal.App.3d 449, 454 [230 Cal.Rptr. 901].) The order denying leave to

amend in this case does not eliminate any issues between appellant and respondents. All six of the original claims between the parties remain extant.

Figueroa maintains that the order is appealable because it constitutes a denial of class certification. (See *Richmond v. Dart Industries, Inc.* (1981) 29 Cal.3d 462, 470 [174 Cal.Rptr. 515, 629 P.2d 23] ["A decision by a trial court denying certification to an entire class is an appealable order]."") The denial of class certification requires the trial court to take evidence and make findings regarding the existence of a "community of interest" among prospective class members. (*Sav-On Drug Stores, Inc. v. Superior Court* (2004) 34 Cal.4th 319, 326 [17 Cal.Rptr.3d 906, 96 P.3d 194].)

The trial court did not deny class certification. It made no factual findings regarding a "community of interest." Rather, it denied appellant the opportunity to amend her complaint, well into the litigation, to add class allegations. None of the cases cited by appellant are apposite: the cited cases involve challenges to *existing* class actions, not situations in which a plaintiff is belatedly attempting to amend a complaint to *transform* it into a class action. (See *Daar v. Yellow Cab Co.* (1967) 67 Cal.2d 695, 698–699 [63 Cal.Rptr. 724, 433 P.2d 732], *Prince v. CLS Transportation, Inc.* (2004) 118 Cal.App.4th 1320, 1323 [13 Cal.Rptr.3d 725], and *Wilner v. Sunset Life Ins. Co.* (2000) 78 Cal.App.4th 952, 957 [93 Cal.Rptr.2d 413] [all three appeals reviewed demurrers to existing class action lawsuits].)

As appellant states in her reply brief, orders "which prevent *further* class proceedings are immediately appealable." (Italics added.) There was no prevention of *further* class proceedings in this case. On the contrary, there were never any class proceedings at all, given the court's refusal to allow an amendment to the complaint to include class allegations. There can be no "death knell" for a class action that, in this case, never existed.

Appellant could have sought review of the trial court's order by filing a timely writ petition. "[M]andamus will lie when it appears that the trial court has deprived a party of an opportunity to plead his cause of action or defense . . . ." (*Taylor v. Superior Court* (1979) 24 Cal.3d 890, 894 [157 Cal.Rptr. 693, 598 P.2d 854]; see *Blegen v. Superior Court* (1981) 125 Cal.App.3d 959, 963 [178 Cal.Rptr. 470].) In *Peterson v. Superior Court* (1982) 31 Cal.3d 147 [181 Cal.Rptr. 784, 642 P.2d 1305], for example, the Supreme Court granted extraordinary relief from the trial court's denial of a motion to amend the complaint. Appellant did not pursue a timely petition for extraordinary relief. We decline appellant's recent invitation, in her reply brief, to treat her appeal as a writ. The parties have a trial date on November 7, 2005. On the eve of trial, it is too late to restart this case with potentially hundreds of new claimants. Because appellant has taken an appeal from a nonappealable order, the appeal must be dismissed.

## DISPOSITION

The appeal is dismissed. Respondents are entitled to their costs on appeal. (Cal. Rules of Court, rule 27(a)(1)–(2).)

Doi Todd, J., and Ashmann-Gerst, J., concurred.