[No. B210629. Second Dist., Div. Eight. June 9, 2009.]

RANDY HARO et al., Plaintiffs and Appellants, v.
CITY OF ROSEMEAD, Defendant and Respondent.

**COUNSEL**

Law Offices of Thomas W. Falvey and Jon D. Henderson for Plaintiffs and Appellants.

Garcia Calderon Ruiz, Bonifacio B. Garcia, Albert A. Erkel, Jr., Chaka C. Okadigbo; Burke, Williams & Sorensen and Daphne M. Anneet for Defendant and Respondent.

**OPINION**

**FLIER, J.**—Appellants Randy Haro and Robert Ballin filed an action against respondent City of Rosemead, alleging in their complaint that this "is a collective action brought under 29 U.S.C. § 216(b), seeking compensation for all hours worked." Title 29 United States Code section 216 is part of the Fair Labor Standards Act of 1938 (FLSA; 29 U.S.C. § 201 et seq.). The trial court denied appellants' motion to certify as a class under Code of Civil Procedure section 382 (section 382) individuals who worked for respondent as nonexempt employees. This appeal is from that order.

We find that appellants' FLSA action cannot be maintained as a class action under section 382. For the reasons we state below, we conclude that the trial court's order was not appealable. Appellants also appeal an order denying leave to amend the complaint, which is not an appealable order. We dismiss both appeals.

## FLSA ACTIONS

Title 29 United States Code sections 206 and 207 respectively govern minimum wages and maximum hours. In pertinent part, title 29 United States

Code section 216(b) provides that "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." Section 216(b) goes on to provide that an action under this provision may be brought against any employer in a federal or state court "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. *No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.*" (Italics added.) The italicized sentence is colloquially referred to as an "opt-in" provision (7B Wright et al., Federal Practice and Procedure (3d ed. 2005) § 1807, p. 472) and it is this opt-in provision that this purported appeal addresses.

The opt-in feature of FLSA actions has been called "[p]robably the most significant difference in procedure between the FLSA" and, in federal practice, class actions under Federal Rules of Civil Procedure, rule 23 (28 U.S.C.) (rule 23). (7B Wright et al., Federal Practice and Procedure, *supra*, § 1807, p. 472.) As one court has put it: "There is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA § 16(b).[1] In a Rule 23 proceeding a class is described; if the action is maintainable as a class action, each person within the description is considered to be a class member and, as such, is bound by judgment, whether favorable or unfavorable, unless he has 'opted out' of the suit. Under § 16(b) of FLSA, on the other hand, no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively 'opted into' the class; that is, given his written, filed consent." (*LaChapelle v. Owens-Illinois, Inc., supra,* 513 F.2d at p. 288, fn. omitted.)

The fact that the opt-in feature is irreconcilable with a class action has not only been reaffirmed as a matter of federal civil procedure (*Whalen v. W.R. Grace & Co.* (3d Cir. 1995) 56 F.3d 504, 506, fn. 3), at least one California court has held that the opt-in feature cannot be adopted in California class actions (*Hypertouch, Inc. v. Superior Court* (2005) 128 Cal.App.4th 1527, 1550 [27 Cal.Rptr.3d 839] (*Hypertouch*)). We return to *Hypertouch* below.

---

[1] The reference is to title 29 United States Code section 216(b). (*LaChapelle v. Owens-Illinois, Inc.* (5th Cir. 1975) 513 F.2d 286, 287.)

While actions involving opt-in provisions have been called "collective actions" as opposed to class actions (7B Wright et al., Federal Practice and Procedure, *supra*, § 1807, p. 468), the label is not important. The critical, but by no means the only, difference between FLSA actions and class actions is the opt-in versus the opt-out feature. Other differences are the tolling of the statute of limitations,[2] the definitions of parties "similarly situated,"[3] and the considerations affecting the trial court's involvement in an FLSA action in the process of notifying potential additional plaintiffs.[4]

The procedural dynamics of a collective action when plaintiffs opt in are different from the class action when parties may opt out of the class. As the United States Supreme Court has noted, the problems generated by the notice of the pending action to potential plaintiffs in a collective action with the opt-in feature call for early and active intervention by the trial court. "A trial court can better manage a major ADEA[5] action if it ascertains the contours of the action at the outset. The court is not limited to waiting passively for objections about the manner in which the consents were obtained. By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative. Both the parties and the court benefit from settling disputes about the content of the notice before it is distributed. This procedure may avoid the need to cancel consents obtained in an improper manner." (*Hoffman-La Roche Inc. v. Sperling, supra*, 493 U.S. 165, 171–172.) This differs markedly from a class action when the trial court's role, at least at the outset of the action, is more passive and restricted to ruling on whether the action should be certified as a class action.

■ In sum, FLSA actions are not class actions, whether the class action is governed by the federal rules of civil procedure or, in California, by section 382 and rule 3.760 et seq. of the California Rules of Court.

### APPELLANTS' MOTION AND THE TRIAL COURT'S RULING

The case was set for trial on September 22, 2008. On July 17, 2008, appellants filed a motion for class certification under section 382. There is no

[2] In federal class actions the statute of limitations is tolled for all class members until the class certification has been made or the individual class member opts out (*American Pipe & Construction Co. v. Utah* (1974) 414 U.S. 538, 551–552 [38 L.Ed.2d 713, 94 S.Ct. 756]), while in an FLSA action the statute is tolled only after the plaintiff has opted in. (7B Wright et al., Federal Practice and Procedure, *supra*, § 1807, p. 476, fn. 17.)

[3] See generally 7B Wright et al., Federal Practice and Procedure, *supra*, section 1807, pages 477–485.

[4] See generally *Hoffman-La Roche Inc. v. Sperling* (1989) 493 U.S. 165, 171–172 [107 L.Ed.2d 480, 110 S.Ct. 482].

[5] The Age Discrimination in Employment Act of 1967 (29 U.S.C. § 621 et seq.), which incorporates by reference the FLSA opt-in provision.

ambiguity about this motion; it is in every respect a motion to certify as a class approximately 45 current and former employees of respondent. The principal charging allegation of the motion, as of the complaint, was that respondent did not pay these employees the wages to which they were entitled. In accordance with appropriate class action procedure, appellants requested that the trial court "certify the following 'opt-out' class for purposes of determining both liability and damages in this matter," i.e., all individuals who have been or are currently employed by respondent at any time since September 25, 2003.

We digress at this point to clear up a matter that appellants have stressed both in their brief and in oral argument. That is appellants' claim that it was the trial court that initially mandated a hearing on class action certification; the suggestion is that it was the trial court, and not appellants, that initially channeled the case toward a motion to certify a class under section 382.

The record does not bear this out. As we have noted, appellants' complaint initially pleaded that the requirements of a section 382 class were met, e.g., the requirements of numerosity, commonality and typicality were satisfied. In the case management conference held on February 13, 2008, the trial court simply inquired when the motion for class action certification would be filed. The trial court did not indicate, or even remotely suggest that, *in the court's opinion*, this was a case that potentially qualified as a class action under section 382. In other words, contrary to appellants' suggestion, the court did not direct, suggest or intimate that appellants should bring a motion to certify a class under section 382. The court was simply dealing with scheduling the disposition of an issue raised by appellants' complaint.

Respondent opposed the motion principally on the ground that an FLSA action cannot be prosecuted as a class action. The opposition pointed out that FLSA actions are collective actions where plaintiffs must opt in in order to participate in the action.

In their reply, appellants contended that the federal courts treated FLSA actions as class actions "similar to Rule 23 [class actions] but easier to certify, exactly as discussed in [appellants'] Motion." Appellants contended that respondent was in error in claiming that an FLSA action could not be a class action but that respondent "gets one thing right—an FLSA action is 'opt-in' rather than 'opt-out.' [Appellants'] counsel made a typo in the motion, and should have requested that the Court certify an 'opt-in' class."

The trial court found that even though this was an FLSA collective action, appellants had not moved to "certify an opt-in collective action

pursuant to the FLSA." Strictly speaking, an opt-in collective action is not "certified" as such. Instead of a "certification," there is the preparation of a notice of the pendency of the FLSA action to persons who are similarly situated as the plaintiff(s). In any event, the trial court was correct in noting that appellants never crossed the threshold of an FLSA action when there are persons who are similarly situated as the plaintiff but who are not parties to the action. That threshold is the preparation, under the trial court's supervision, of a timely, accurate and informative notice to persons similarly situated to the plaintiff(s) in the FLSA action. (*Hoffman-La Roche Inc. v. Sperling, supra,* 493 U.S. 165, 171–172.) This differs from the initial role of the trial court in a purported class action; here the court waits for the motion to certify the class, and, once the motion is made, the court determines whether there should be a class and the composition of that class.

The trial court, in ruling on appellants' motion, found that it was a motion to certify a class under section 382. The trial court went on to note, correctly, that an FLSA action is different from a class action. The court noted that even though appellants had submitted portions of depositions of five employees, appellants had not submitted any "opt-in" notifications and had not offered any explanation for this. The court concluded by ruling that appellants were not entitled to a class certification under section 382.

## APPELLANTS CANNOT MAINTAIN THEIR FLSA ACTION AS A CLASS ACTION UNDER SECTION 382

Appellants contend that they should be able to prosecute their FLSA action as a class action under section 382.[6]

Theoretically, there is no reason why appellants cannot pursue an action against respondent for wages that they should have been but were not paid on a theory or theories that are not grounded on the FLSA. Assuming that there are such other theories under which they can recover, they *may* be entitled to pursue such an action as a class action under section 382.

But appellants chose to bring their action under the FLSA. Having done that, they cannot discard the opt-in feature; in fact, they concede that this is

---

[6] In pertinent part, section 382 provides: "[W]hen the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

an opt-in case. This being an opt-in case, the not inconsiderable jurisprudence that has been developed for such cases cannot be disregarded. As an example, title 29 United States Code section 216(b) provides that an action may be brought by one or more employees for and in behalf of himself or themselves "and other employees similarly situated." Whether other employees are "similarly situated" must be decided with reference to decisions that have addressed this question *in terms of title 29 United States Code section 216(b)* and not, as an example, in the terms of California's section 382.[7] Thus, there is no point in the semantic debate whether an FLSA action is or is not a class action. The important point is that an FLSA action has a procedural jurisprudence distinct from that which governs class actions.

In addition to the foregoing, it is also true that the opt-in feature is not authorized by either section 382 or the California Rules of Court, as the court in *Hypertouch* has authoritatively shown.[8] Due to the rather unique circumstances found in *Hypertouch*, the trial court devised an opt-in procedure in an action that had been certified as a class action under section 382. (*Hypertouch, supra,* 128 Cal.App.4th at pp. 1536–1537.) The appellate court disapproved of this decision and set it aside.

As the court explained in *Hypertouch, supra,* 128 Cal.App.4th at pages 1548–1549, fundamentally a class action serves to represent persons who for one reason or another, i.e., out of ignorance, timidity, unfamiliarity with business or legal matters, will not take an affirmative step to join pending litigation. In the words of Professor Benjamin Kaplan of Harvard Law School, for such persons the class action serves something like the function of an administrative proceeding where scattered individual interests are represented by the government. (*Id.* at p. 1548.) Requiring an affirmative step, i.e., a formal joinder or affirmatively voiced consent, as a condition of participating in the class creates a purported class action that is in reality not a class action at all "but is instead an ersatz form of 'permissive joinder.' " (*Id.* at p. 1549.) The problem with this form of ersatz joinder, i.e., the so-called "spurious" class action,[9] that bedeviled the federal courts for several

---

[7] A digest and analysis of some of these decisions is contained in 7B Wright et al., Federal Practice and Procedure, *supra,* section 1807, pages 477–485.

[8] The court in *Hypertouch* dealt with the predecessor of current California Rules of Court, rule 3.766, i.e., former rule 1856.

[9] Prior to 1966, rule 23 defined class actions that allowed plaintiffs to opt in as "spurious" class actions. (7B Wright et al., Federal Practice and Procedure, *supra,* § 1807, p. 473, fn. 10 and accompanying text.) The 1966 amendment did away with opt-in classes. (*Ibid.*)

decades is chronicled in part in the *Hypertouch* decision. (128 Cal.App.4th at pp. 1545–1548.)

■ Predicating a class on an affirmative opt-in feature conflicts with the liberal notice provisions that are contained in California Rules of Court, rule 3.766(f).[10] As noted in *Hypertouch*, rule 3.766(f) is designed to dispense under certain circumstances with actual personal notice. (*Hypertouch, supra,* 128 Cal.App.4th at p. 1549.) Although it is true that rule 3.766 provides only for an opt-out feature and is silent on opting in, "California rule [3.766(f)] cannot reasonably be construed as permitting the use of an 'opt-in' requirement as a means of providing the actual notice the rule was designed to make unnecessary." (*Hypertouch, supra,* at p. 1549.) In other words, an opt-in requirement for participating in a class is fundamentally at odds with the nature of a class action. The *Hypertouch* court concluded that an opt-in requirement "seem[s] to us as offensive to the reasonable notice provision" of rule 3.766. (*Hypertouch,* at p. 1548.)

■ We add to the foregoing the observation that it is no small matter that California Rules of Court, rule 3.766, which governs notice to class members, makes no provision for notice when the class members opt into, rather than out of, the class. Rule 3.766 addresses the contents of the notice and the manner of giving notice in considerable detail; notice in class actions is not a simple matter. The same is true of notice to persons "similarly situated" in FLSA actions. Evidently, there may be as many as three distinct procedures employed by federal courts in dealing with notice in FLSA cases. Some courts employ a two-step process that extends to the time that discovery is complete, others follow class action procedures and yet others have adopted the old procedures employed in the pre-1966 spurious class action cases. (*Thiessen v. General Electric Capital Corp.* (2001) 267 F.3d 1095, 1102–1103.) Given such disparities, it is unthinkable that if California class actions under section 382 include opt-in classes, the giving of notice in such classes would not be regulated by rule 3.766. Putting the same point more directly, given the potential complexities with notice to persons "similarly situated" in opt-in FLSA actions, the fact that rule 3.766 does not deal with opt-in notices is a very clear indication that there are no opt-in class actions in California.

---

[10] "If personal notification is unreasonably expensive or the stake of individual class members is insubstantial, or if it appears that all members of the class cannot be notified personally, the court may order a means of notice reasonably calculated to apprise the class members of the pendency of the action—for example, publication in a newspaper or magazine; broadcasting on television, radio, or the Internet; or posting or distribution through a trade or professional association, union, or public interest group." (Cal. Rules of Court, rule 3.766(f).)

■ The conclusion is confirmed by the circumstance that, as the court found in *Hypertouch*, section 382 itself "does not prescribe a procedural framework" for opt-in actions. (*Hypertouch, supra,* 128 Cal.App.4th at p. 1543; see fn. 6, *ante.*) Nor does *Hypertouch* stand alone, as far as California law is concerned. *Hypertouch* was preceded by the now somewhat dated decision in *Previte v. Lincolnwood, Inc.* (1975) 48 Cal.App.3d 976, 983–984 [122 Cal.Rptr. 194], which also disapproved of an opt-in feature in a California class action. Thus, as a matter of California law, appellants cannot maintain their FLSA action as a section 382 class action where other employees must opt in to join the putative class.

Given the foregoing background, we do not find persuasive appellants' reasons why this action should go forward as a class action under section 382. That some courts have referred to FLSA actions as class actions (e.g., *Kinney Shoe Corp. v. Vorhes* (9th Cir. 1977) 564 F.2d 859, 861) does not convert the FLSA's opt-in provision into a class action's opt-out feature; the point is that opting in is incompatible with class actions for reasons we have already set forth. In any event, FLSA actions should be referred to as collective and not as class actions. (7B Wright et al., Federal Practice and Procedure, *supra,* § 1807, p. 472.) That class actions are "encouraged for wage and hour claims in California," does not convert the opt-in provision in an FLSA action into an opt-out provision that is compatible with class actions. As we have already pointed out, appellants could have chosen another form of action to pursue their claim for unpaid wages, but they chose to proceed with an FLSA action. Finally, that there are only "two devices for California class actions, consumer rights actions under the Consumer Legal Remedies Act . . . and section 382 for all other class actions" does not mean that appellant is entitled to a section 382 class action. The point is that an FLSA action is predicated on opting in instead of opting out, which is inconsistent with a section 382 class action. An FLSA action has to be litigated according to rules that are specifically applicable to these actions and if litigants do not like these rules, they should not file under the FLSA.

## THE APPEAL FROM THE ORDER DENYING CLASS ACTION CERTIFICATION MUST BE DISMISSED

■ The denial of a request for class certification is appealable. (*Daar v. Yellow Cab Co.* (1967) 67 Cal.2d 695, 699 [63 Cal.Rptr. 724, 433 P.2d 732].) The reason for this is the "death knell" doctrine, which we recently addressed in *Farwell v. Sunset Mesa Property Owners Assn., Inc.* (2008) 163 Cal.App.4th 1545 [78 Cal.Rptr.3d 666]. "[T]he gist of the death knell

doctrine is that the denial of class action certification is the *death knell of the action itself*, i.e., that without a class, there will not be an action or actions . . . ." (*Id.* at p. 1552.)

Our analysis of this FLSA action and of appellants' motion to certify a class action yields three reasons why this is not a proper case for the death knell doctrine.

First. Appellants cannot maintain their FLSA action with the opt-in feature as a class action under section 382. (*Hypertouch, supra*, 128 Cal.App.4th 1527, 1550.) In other words, as a matter of California law appellants are not entitled to a class action certification.

Second. Ordinarily, under the death knell doctrine the appellate court will review the merits of the decision denying certification. That is not true of this case; neither the trial court nor this court addressed the substantive merits of class action certification in this case.

Third. The order denying class certification is not the death knell of appellants' action. The order does not produce a terminal result, i.e., there is no reason why the action cannot go forward with appellants as plaintiffs. Specifically, there is nothing to prevent this action from going forward as an opt-in, collective FLSA action. While there may or may not be issues about the statute of limitations, there is no question that this FLSA action as it is presently constituted can go forward to trial.

In the context of this case and this purported appeal, the order denying class action certification is not an appealable order. The appeal from this order must therefore be dismissed.

### THE ORDER DENYING LEAVE TO AMEND THE COMPLAINT

██ After the trial court denied appellants' motion for class action certification, appellants moved to amend their complaint with class action allegations. The trial court denied this motion and appellants have also appealed from this order. "An order denying leave to amend a complaint is not appealable, unless it has the effect of eliminating all issues between the plaintiff and a defendant so that there is nothing left to be tried or determined." (*Figueroa v. Northridge Hospital Medical Center* (2005) 134 Cal.App.4th 10, 12 [35 Cal.Rptr.3d 677].) The order denying leave to amend the complaint did not dispose of any issues in this case, save the question whether the complaint could be amended. Accordingly, the purported appeal from the order denying leave to amend the complaint with class action allegations must be dismissed.

## DISPOSITION

The appeals from the orders denying class action certification and denying leave to amend the complaint are dismissed. Respondent is to recover its costs in these appellate proceedings.

Rubin, Acting P. J., and Bauer, J.,* concurred.

---

*Judge of the Orange Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.