[Civ. No. 60193. Second Dist., Div. Five. Mar. 17, 1981.]

RICHARD A. PERKINS, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
GENERAL TELEPHONE DIRECTORY COMPANY,
Real Party in Interest.

---

COUNSEL

George Magit for Petitioner.

No appearance for Respondent.

John P. McNicholas, Lawrence R. Ramsey, Morgan, Wenzel & McNicholas and Darryl L. Dmytriw for Real Party in Interest.

## OPINION

**ASHBY, J.**—Petitioner seeks a writ of mandate directing respondent to vacate its order striking from a complaint allegations relating to punitive damages.

The facts, quite simply, are these: Petitioner has sued real party in interest for "invasion of privacy and interference with business." Also named as defendants are General Telephone and Electronics Corporation (hereinafter GTE) and General Telephone Company of California (hereinafter Telephone Co.). The complaint contains the following allegations: GTE is a holding company, which operates through a number of subsidiaries and affiliates, including real party and Telephone Co. GTE owns all of real party's stock and 99.06 percent of the stock of Telephone Co. The three defendants are all integral parts of a common enterprise which operates for the profit and advantage of GTE.

Petitioner is a member of the State Bar of California who has maintained offices in Century City since 1972. His office telephone service is with Pacific Telephone and Telegraph Co. On April 1, 1980, real party published and started distributing its "Neighborhood Phone Book" for the West Los Angeles and Beverly Hills areas which listed petitioner's telephone number as that of "Pep Boys Manny Moe & Jack of California," a chain of auto supply stores. Petitioner first learned of the erroneous listing on April 4, 1980, after receiving calls intended for Pep Boys. He complained to real party by phone the same day and in writing on April 7, 1980. "At the time plaintiff first complained to defendants they were just beginning the distribution of said directories. Notwithstanding plaintiff's complaints and defendants' knowledge of said wrong listing defendants intentionally persisted in the distribution of said directories, amounting to many thousands altogether. Defendants were induced by their anticipated profits from classified advertising in said directories to continue said distribution, regardless of the annoyance, inconvenience, and expense they would knowingly cause plaintiff thereby, deliberately taking the chance of liability to plaintiff for damages. [¶] By means of the distribution of said directories, particularly after receiving plaintiff's complaints, defendants have *wrongfully and intentionally* invaded plaintiff's privacy and subjected him to annoyance, inconvenience, and interruption in the practice of his profession, to plaintiff's damage in the sum of $25,000." (Italics added.)

Petitioner resides in Malibu. His home telephone service is with defendant Telephone Co. "After plaintiff complained to defendants as aforesaid, and in *retaliation* therefor, defendants caused telephone service to plaintiff's residence to be terminated on or about April 22, 1980, and continuing to the present time. In response to numerous reports and complaints during that time defendants several times promised to repair the telephone service to plaintiff's home; and then on April 24, 1980, they made different and inconsistent reports to plaintiff, *viz.*: defendants' repair department admitted to him that the service was not out of repair but had been terminated by order of defendants' business office; but defendants' business office denied that the service had been terminated and insisted that it was a repair problem. One or the other of said reports was known to defendants to be false when made, and perhaps both were." By this conduct defendants were "guilty of *oppression, fraud and malice*," entitling petitioner to recover exemplary damages.[1] (Italics added.)

Real party moved to strike the phrase "wrongfully and intentionally" from the eighth paragraph of the complaint, the word "retaliation" from the tenth paragraph and the words "oppression, fraud, and malice" from the 11th paragraph,[2] all on the grounds that said words constituted "conclusions of law and evidentiary facts" and left to "surmise, conjecture and speculation the ultimate facts" upon which petitioner sought relief. Real party also moved to strike all reference to "exemplary damages" on the ground that petitioner failed to state a cause of action for such damages. The motion to strike was granted and this petition followed.

█ Although respondent's order granting the motion to strike would be reviewable on appeal, mandamus will lie when it appears that the trial court has deprived a party of the opportunity to plead his cause of action, and when extraordinary relief at the pleading stage may prevent a reversal and retrial. (*Taylor* v. *Superior Court* (1979) 24 Cal.3d 890 [157 Cal.Rptr. 693, 598 P.2d 854].) █ In the instant case an addi-

---

[1] Paragraph 12 of the complaint alleges: "On information and belief plaintiff alleges that by reason of tariffs on file with the Public Utilities Commission of the State of California the Telephone Co. claims to be liable for no more than nominal damages for the withdrawal of plaintiff's residence telephone service; but in any event defendants Holding Co. and Directory Co. are not so protected, and they are liable for compensatory and exemplary damages without limit." Real party has raised no objection to these allegations.

[2] The words italicized in the two preceding paragraphs, *ante.*

tional factor convinced us to exercise our discretion to issue the alternative writ. Petitioner alleges that he is past 70 and his cause of action is therefore entitled to preference under Code of Civil Procedure section 36. Review by way of extraordinary writ will effectuate the public policy of that statute.

■ In order to plead a cause of action, the complaint must contain a "statement of the facts constituting the cause of action, in ordinary and concise language." (Code Civ. Proc., § 425.10, subd. (a).) While it is true that pleading conclusions of law does not fulfill this requirement, it has long been recognized that "[t]he distinction between conclusions of law and ultimate facts is not at all clear and involves at most a matter of degree. [Citations.] For example, the courts have permitted allegations which obviously included conclusions of law and have termed them 'ultimate facts' or 'conclusions of fact.'" (*Burks* v. *Poppy Construction Co.* (1962) 57 Cal.2d 463, 473 [20 Cal.Rptr. 609, 370 P.2d 313].) What is important is that the complaint as a whole contain sufficient facts to apprise the defendant of the basis upon which the plaintiff is seeking relief. (*Youngman* v. *Nevada Irrigation Dist.* (1969) 70 Cal.2d 240 [74 Cal.Rptr. 398, 449 P.2d 462]; *Semole* v. *Sansoucie* (1972) 28 Cal.App.3d 714 [104 Cal.Rptr. 897].) ■ The stricken language must be read not in isolation, but in the context of the facts alleged in the rest of petitioner's complaint. Taken in context, the words "wrongfully and intentionally" in paragraph eight describe a knowing and deliberate state of mind from which a conscious, disregard of petitioner's rights might be inferred—a state of mind which would sustain an award of punitive damages. (*Taylor* v. *Superior Court, supra*, 24 Cal.3d 890; *G. D. Searle & Co.* v. *Superior Court* (1975) 49 Cal.App. 3d 22 [122 Cal.Rptr. 218].)

The word "retaliation" in paragraph 10 of the complaint describes defendants' motive for shutting off petitioner's home phone service—a motive which, if proven, would sustain a finding of malice.[3] The allegation that defendants were guilty of "oppression, fraud, and malice" simply pleaded a claim for punitive damages in the language of the statute authorizing such damages. (Civ. Code, § 3294.) Pleading in the language of the statute is not objectionable when sufficient facts are

---

[3]Contrary to real party's assertion, we did not disapprove the use of the word "retaliation" in *Engel* v. *McCloskey* (1979) 92 Cal.App.3d 870, 886 [155 Cal.Rptr. 284]. Rather we found that the act committed there—even if undertaken for purposes of retaliation—did not give rise to a cause of action.

alleged to support the allegation. (*Semole* v. *Sansoucie, supra*, 28 Cal.App.3d 714, 718-719.)

Petitioner's complaint provided notice to real party and the other defendants of petitioner's precise claims against them and adequately pleaded a cause of action for punitive damages. Respondent abused its discretion in granting the motion to strike.

Let a peremptory writ of mandate issue directing respondent to vacate its order of June 20, 1980, granting real party's motion to strike and enter a new and different order denying said motion.

Stephens, Acting P. J. and Hastings, J., concurred.

The petition of real party in interest for a hearing by the Supreme Court was denied May 13, 1981.