Filed 7/16/20; Modified and certified for publication 8/7/20 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| C. W. JOHNSON & SONS, INC., <br><br>    Cross-complainant and Appellant, <br><br> v. <br><br> RANDALL M. CARPENTER, <br><br>    Cross-defendant and Respondent. | 2d Civ. No. B300187 <br> (Super. Ct. No. 56-2018-00517254-CU-BC-VTA) <br> (Ventura County) |

     The trial court sustained without leave to amend a demurrer to a building contractor's second amended cross-complaint for breach of contract and quantum meruit. The court sustained the demurrer on the ground that the contractor was not licensed during part of the contract. (Bus. & Prof. Code,[1]

---

    [1] All statutory references are to the Business and Professions Code unless otherwise stated.

§ 7031, subd. (a).) The contractor appeals the ensuing judgment. We reverse and overrule the demurrer. The contractor is entitled to an evidentiary hearing on whether it substantially complied with contractor licensing law. (*Id*. at subd. (e).)

FACTS

C. W. Johnson & Sons, Inc. (Johnson) agreed to install flooring in Randall Carpenter's house for a total price of $68,343. Carpenter deposited 50% of the total ($34,171.50) with the balance to be paid on completion. All did not go well.

Carpenter sued Johnson alleging causes of action for breach of contract, disgorgement of money paid to an unlicensed contractor, fraud, and unfair business practices. Johnson answered and cross-complained for the balance of the contract price, alleging breach of contract and quantum meruit.

Carpenter demurred to the second amended cross-complaint on the ground that Johnson did not allege it was a licensed contractor. Johnson opposed the demurrer on the ground it was licensed during the period for which it is seeking compensation, or, at least, it is entitled to a hearing on whether it substantially complied with the contractor's licensing law.

*Second Amended Cross-complaint*

Johnson's second amended cross-complaint alleged as follows:

The parties entered into the contract on March 25, 2016. Between March 2016 and September 2016, Johnson performed work under the contract, including the original installation of the flooring. Work performed after September 2016 consisted of warranty, repair, and corrective work. At all times during the original installation, Johnson was a duly licensed contractor.

2

Johnson is only seeking money due and owing during the period it was a duly licensed contractor.

Charles Johnson (Charles) has been an officer of Johnson since at least 2014 and has actively participated in its business activities. Charles believed he was registered with the Contractor's State Licensing Board (CSLB) as Johnson's Responsible Managing Officer (RMO). In fact, Charles's father was registered as the RMO. Charles's father died on September 21, 2016. Until August 2018, Charles did not know or have reason to know that his father was registered as the RMO.

In August 2018, when Charles learned he was not Johnson's RMO, he applied to the CSLB to replace his father as the RMO. The application was approved in October 2018.

Johnson has performed all of the terms of the contract and has done so in a workmanlike manner.

DISCUSSION

I.

The function of a demurrer is to test whether, as a matter of law, the facts alleged in the complaint state a cause of action under any legal theory. (*Intengan v. BAC Home Loans Servicing, LP* (2013) 214 Cal.App.4th 1047, 1052.) We assume the truth of all facts properly pleaded, as well as facts of which the trial court properly took judicial notice. (*Ibid*.) But we do not assume the truth of contentions, deductions, or conclusions of law. (*Ibid*.) Our review of the trial court's decision is de novo. (*Ibid*.)

II.

*Work Performed While Licensed*

Section 7031, subdivision (a) provides in part: "(a) Except as provided in subdivision (e), no person engaged in the business or acting in the capacity of a contractor, may bring or maintain

3

any action, or recover in law or equity in any action, in any court of this state for the collection of compensation for the performance of any act or contract where a license is required by this chapter without alleging that he or she was a duly licensed contractor at all times during the performance of that act or contract regardless of the merits of the cause of action brought by the person . . . ."

Johnson's cross-complaint alleges that it was duly licensed until September 2016, when the RMO, Charles's father, died. When the RMO dies or otherwise disassociates from the licensee, the licensee must replace the RMO within 90 days (§ 7068.2, subd. (a).) Failure to do so automatically suspends the license. (§ 7068.2, subd. (c).)

Johnson's cross-complaint alleges that by September 2016, it had performed the original flooring installation and all work performed thereafter consisted only of warranty, repair, and corrective work. Johnson alleges it is seeking compensation only for work performed during the period it was duly licensed.

But Johnson alleges only a single contract. Thus, warranty, repair, and corrective work were performed under the contract at a time when Johnson was not licensed. Johnson cannot divide a single contract into segments and claim compensation for work performed during the segment for which it was licensed. (*MW Erectors, Inc. v. Niederhauser Ornamental & Metal Works Co., Inc.* (2005) 36 Cal.4th 412, 425-426.)

III.

*Good Faith Substantial Compliance*

Section 7031, subdivision (e) states an exception to the license requirement of subdivision (a). Subdivision (e) provides in part: "[T]he court may determine that there has been substantial

4

compliance with licensure requirements under this section if it is shown at an evidentiary hearing that the person who engaged in the business or acted in the capacity of a contractor (1) had been duly licensed as a contractor in this state prior to the performance of the act or contract, (2) acted reasonably and in good faith to maintain proper licensure, and (3) acted promptly and in good faith to remedy the failure to comply with the licensure requirements upon learning of the failure."

The plaintiff is required to plead only ultimate facts, not evidentiary facts. (*Doe v. City of Los Angeles* (2007) 42 Cal.4th 531, 550.) Here Johnson alleged that it was a duly licensed contractor prior to and during part of the performance of the contract; that Charles reasonably did not know or have reason to know that he was not the RMO at the time of his father's death; that as soon as he learned he was not the RMO, he applied to be so designated; and the CSLB granted the application shortly thereafter. That is a sufficient allegation of ultimate facts. It advises Carpenter of the basis for Johnson's claim of substantial compliance. (See *Perkins v. Superior Court* (1981) 117 Cal.App.3d 1, 6 [complaint needs only sufficient facts to apprise defendant of the basis on which plaintiff is seeking relief].)

Carpenter cites *Pacific Caisson & Shoring, Inc. v. Bernards Bros., Inc.* (2015) 236 Cal.App.4th 1246, 1257 (*Pacific Caisson*) for the proposition that "acted reasonably and in good faith to maintain proper licensure" as required for relief under subdivision (e) pertains to conduct prior to a license's suspension.

In *Pacific Caisson*, the trial court determined *after an evidentiary hearing* that the contractor knew or should have known of the deficiency prior to its license being suspended, but did not cure the deficiency until after its license was suspended.

The Court of Appeal affirmed the trial court's determination that the contractor was not entitled to relief under section 7031, subdivision (e).

Here Johnson pleaded that Charles did not know or have reason to know prior to being notified of the suspension that he was not Johnson's RMO. That qualifies as acting reasonably and in good faith prior to the license's suspension.

Johnson is entitled to a hearing pursuant to section 7031, subdivision (e). Nothing in this opinion should be construed as indicating how the trial court should decide the matter.

DISPOSITION

The judgment is reversed. Costs on appeal are awarded to appellant.


GILBERT, P. J.


We concur:



YEGAN, J.



TANGEMAN, J.



6

Jeffrey G. Bennett, Judge

Superior Court County of Ventura

_____

Law Office of Daniel Friedlander and Daniel Friedlander for Cross-complainant and Appellant.

Law Office of Robert Stubblefield and Robert Stubblefield for Cross-defendant and Respondent.

Filed 8/7/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| C. W. JOHNSON & SONS, INC.,<br><br>    Cross-complainant and Appellant,<br><br>v.<br><br>RANDALL M. CARPENTER,<br><br>    Cross-defendant and Respondent. | 2d Civ. No. B300187<br>(Super. Ct. No. 56-2018-00517254-CU-BC-VTA)<br>(Ventura County)<br><br>ORDER MODIFYING OPINION AND CERTIFYING OPINION FOR PUBLICATION [NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on July 16, 2020 be modified as follows:

On page 1, the following paragraph is inserted as the first full paragraph:

A contractor performs work but is not properly licensed. Here we conclude there are circumstances under which the contractor may have a cause of action for work performed.

There is no change in the judgment.

The opinion in the above-entitled matter filed on July 16, 2020, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

_____

GILBERT, P. J.          YEGAN, J.          TANGEMAN, J.