[Civ. No. 62015. Second Dist., Div. Five. Nov. 23, 1981.]

OSCAR M. BLEGEN, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
W. F. DUNBAR et al., Real Parties in Interest.

COUNSEL

Richard D. Hughes and David P. Crandall for Petitioner.

No appearance for Respondent.

Arthur W. Tuverson and Helen Gordon Woznak for Real Parties in Interest.

OPINION

STEPHENS, Acting P. J.—Petitioner is the plaintiff in a pending legal malpractice action. Real parties in interest are defendants in that action. Petitioner has filed a petition for writ of mandate to challenge respondent court's order striking a claim for punitive damages. We issued an alternative writ of mandate to review that order.

Petitioner's complaint[1] alleges that he retained real parties on October 23, 1973, to represent him in prosecuting a medical malpractice action against Kaiser Foundation Hospital and others. The complaint further alleges that petitioner learned of his injuries on July 13, 1973, but that real parties failed to file a lawsuit on his behalf until July 19, 1974. That suit, in addition to being untimely, was defective in that it failed to allege the date of injury or the date of discovery of injury. A demurrer to the medical malpractice action was filed in 1975, but never heard. The medical malpractice action was dismissed with prejudice in 1979,[2] apparently for failure to prosecute. (Code Civ. Proc., § 583,

---

[1]What we refer to as the complaint and what is under review is petitioner's second amended complaint.

[2]The dismissal came eight days prior to expiration of the five-year statute. (Code Civ. Proc., § 583, subd. (b).)

subd. (a).)[3] Petitioner alleges that had real parties exercised proper care and skill in prosecuting the medical malpractice action, petitioner would have been granted judgment.

Petitioner's complaint alleges that real parties were negligent in failing to file suit within the statute of limitations, failing to actively pursue the case, to conduct discovery, to notify petitioner of problems with the case or to respond to his request for settlement.

The allegations upon which petitioner bases his claim for punitive damages are: That real party W. F. Dunbar, who possessed a medical degree as well as a legal degree, knew that petitioner was in pain and in need of immediate remedial surgery; that Dunbar understood the degree of pain and discomfort that petitioner was experiencing; that he understood the extent of permanent injury which would and did result from petitioner's postponing the needed remedial surgery, but that Dunbar nonetheless advised petitioner to forego surgery pending resolution of his medical malpractice action; that he did this to increase the monetary value of the medical malpractice case; that he continued to advise petitioner to forego surgery even after he knew that he had failed to file suit within the statutory time limit; that he misrepresented to petitioner that a valid cause of action existed when he knew that it no longer did; and that he continued to advise petitioner to forego surgery and failed to advise him that he no longer had a valid cause of action, because of the expiration of the statute of limitations, so as to avoid a legal malpractice action against himself.

 In their motion to strike, real parties contended that the complaint was inadequate to state a cause of action for punitive damages because it failed to characterize their conduct as "wilful, fraudulent or malicious or oppressive." It is by now well established that a conscious disregard for the safety of others may constitute the malice required to sustain a claim for punitive damages. (*Taylor* v. *Superior Court* (1979) 24 Cal.3d 890 [157 Cal.Rptr. 693, 598 P.2d 854]; *G. D. Searle & Co.* v. *Superior Court* (1975) 49 Cal.App.3d 22 [122 Cal. Rptr. 218].) "In order to justify an award of punitive damages on this basis, the plaintiff must establish that the defendant was aware of the probable dangerous consequences of his conduct, and he wilfully and

---

[3]The motion to dismiss the medical malpractice action alleged that the defendants had not answered the complaint although more than three years had passed since they had been served, and that no default had been taken against them.

deliberately failed to avoid those consequences. [Citation omitted.]" (*Taylor* v. *Superior Court, supra*, 24 Cal.3d 890, 895-896.)

To do so the plaintiff must plead the ultimate facts which give rise to liability. ▆▆ The facts pleaded by petitioner allege special knowledge and understanding by Dunbar of petitioner's medical condition, awareness of his pain and suffering and his need for surgery, based on Dunbar's medical training, and a deliberate course of conduct by Dunbar which prolonged petitioner's suffering and increased his physical damage for the purpose of concealing Dunbar's liability for malpractice. Such behavior constitutes something more than simple negligence. It demonstrates a conscious disregard for petitioner's safety sufficient to sustain a claim for punitive damages.

The terms "wilful," "fraudulent," "malicious" and "oppressive" are the statutory description of the type of conduct which can sustain a cause of action for punitive damages. (Civ. Code, § 3294.) Pleading in the language of the statute is acceptable provided that sufficient facts are pleaded to support the allegations. (*Perkins* v. *Superior Court* (1981) 117 Cal.App.3d 1, 6-7 [172 Cal.Rptr. 427].) The terms themselves are conclusory, however. Where, as here, the complaint pleads sufficient facts to apprise the defendant of the basis upon which relief is sought, and to permit the drawing of appropriate legal conclusions at trial, absence of the labels "wilful," "fraudulent," "malicious" and "oppressive" from the complaint, does not defeat the claim for punitive damages.

In their opposition to the present petition for writ of mandate, real parties allege that extraordinary relief is inappropriate as review on appeal ultimately lies. ▆▆ Although extraordinary relief is rarely granted at the pleading stage, ". . . mandamus will lie when it appears that the trial court has deprived a party of an opportunity to plead his cause of action or defense, and when extraordinary relief may prevent a needless and expensive trial and reversal. [Citations omitted.]" (*Taylor* v. *Superior Court, supra*, 24 Cal.3d 890, 894.) *Taylor* also involved the question of whether a cause of action for punitive damages had been pleaded. The present petition presents an appropriate case for extraordinary relief.

Real parties further argue that Dunbar was not consulted in his capacity as a doctor, but only as a lawyer, and that he is therefore guilty of only ordinary negligence if he gave bad medical advice. The alleged

relevance of Dunbar's possession of a medical degree is the extent to which his medical training gave him a special awareness of the medical consequences of his legal advice that petitioner forego surgery. Whether or not this special awareness amounted to a conscious disregard of petitioner's safety is a question of fact to be determined at trial.

Real parties dispute the severity of the medical injuries petitioner claims resulted from the decision to forego surgery. They also assert that it was unreasonable of petitioner to forego the surgery merely because Dunbar advised doing so, and that Dunbar is not liable for the results of petitioner's unreasonable behavior. These arguments should be addressed to the trier of fact; they are all factual in nature. The extent of petitioner's injuries and the wisdom of his conduct cannot be resolved by way of a motion to strike his claim for punitive damages.

Let a peremptory writ of mandate issue directing respondent court to vacate its order of February 4, 1981, granting real parties' motion to strike the claim for punitive damages in that matter entitled Oscar M. Blegen, plaintiff v. W. F. Dunbar et al., defendants, LASC No. C-311865, and to enter a new and different order denying said motion.

Ashby, J., and Hastings, J., concurred.