[No. B122521. Second Dist., Div. Five. Nov. 20, 1998.]

JAMES CLAUSON et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
PEDUS SERVICES, INC., et al., Real Parties in Interest.

COUNSEL

Riley & Riley, Timothy Charles Riley and Terrance Francis Riley for Petitioners.

No appearance for Respondent.

Buchalter, Nemer, Fields & Younger, James H. Turken, Simone M. Bennett, Akre, Bryan & Chang, Geoffrey L. Bryan, Konrad L. Trope, Ronald J. Selgrath, Michael L. Stern, Yolanda A. Rodriguez, Wilson, Elser, Mosokowitz, Edelman & Dicker, Steven R. Parminter, Terry L. Higham and Venus E. Griffith for Real Parties in Interest.

## OPINION

**TURNER, P. J.**—Plaintiffs, James, Yolanda, and Carol Clauson and Michelle Clauson-Esparaza, have filed a mandate petition challenging an

order filed April 8, 1998, striking punitive damage allegations in their second amended complaint for a violation of Penal Code provisions relating to unlawful wiretapping and common law invasion of privacy. We conclude that plaintiffs stated sufficient facts to permit them to proceed past the pleading stage with their punitive damage allegations and issue our peremptory writ of mandate setting aside the April 8, 1998, order granting the motion to strike. However, based on well-established authority, we agree with defendants, Pedus Security Services, Inc., Pedus Services, Inc., Pedus Building Services, Inc., Pedus Food Services, Inc., Irving and Mark Singer, and Brian Blomberg, that plaintiffs must after trial make a choice between punitive damages and the statutory Penal Code section 637.2, subdivision (a) penalties if they prevail on both the common law violation of privacy and statutory wiretapping theories.

■ In order to survive a motion to strike an allegation of punitive damages, the ultimate facts showing an entitlement to such relief must be pled by a plaintiff. (*Grieves* v. *Superior Court* (1984) 157 Cal.App.3d 159, 166 [203 Cal.Rptr. 556]; *Blegen* v. *Superior Court* (1981) 125 Cal.App.3d 959, 962-963 [178 Cal.Rptr. 470].) In passing on the correctness of a ruling on a motion to strike, judges read allegations of a pleading subject to a motion to strike as a whole, all parts in their context, and assume their truth. (*Courtesy Ambulance Service* v. *Superior Court* (1992) 8 Cal.App.4th 1504, 1519 [11 Cal.Rptr.2d 161]; *Dawes* v. *Superior Court* (1980) 111 Cal.App.3d 82, 91 [168 Cal.Rptr. 319]; see Cal. Judges Benchbook, Civil Proceedings Before Trial (1995) Attacks on Pleadings,. § 12.94, p. 611.) In ruling on a motion to strike, courts do not read allegations in isolation. (*Perkins* v. *Superior Court* (1981) 117 Cal.App.3d 1, 6 [172 Cal.Rptr. 427].) We review an order striking punitive damages allegations de novo. (*Angie M.* v. *Superior Court* (1995) 37 Cal.App.4th 1217, 1223 [44 Cal.Rptr.2d 197].)

Plaintiffs' second amended complaint, in the first cause of action, alleged certain of defendants' employees had installed eavesdropping devices in Mr. Clauson's office. Further, it was alleged defendants had wiretapped Mr. Clauson's private office and telephone. Mr. Clauson had been employed by defendants. Mr. Clauson engaged in several hundred telephone conversations with his wife and children, who are the other plaintiffs. These telephone conversations between Mr. Clauson and his family were tape-recorded. The conversations that were tape-recorded involved "confidential communications, including private family matters . . . ." The second amended complaint sought: actual damages; emotional distress damages; punitive damages; and statutory penalties pursuant Penal Code section 637.2, subdivision (a).

Defendants moved to strike the punitive damage allegations. Defendants argued that plaintiffs could not recover both the statutory penalties and

punitive damages. They relied on *Troensgaard* v. *Silvercrest Industries, Inc.* (1985) 175 Cal.App.3d 218, 228 [220 Cal.Rptr. 712], a case involving an appeal after a trial. On April 8, 1998, the respondent court granted the motion to strike and the present petition was filed. The express ground for granting the motion to strike was that both punitive damages and statutory penalties pursuant to Penal Code section 637.2, subdivision. (a) may not be sought simultaneously.

 At issue in this extraordinary writ proceeding is whether plaintiffs may seek at the pleading stage to recover both punitive damages as permitted by Civil Code section 3294 and statutory penalties for unlawful wiretapping pursuant to Penal Code section 637.2, subdivision (a) which states: "Any person who has been injured by a violation of this chapter may bring an action against the person who committed the violation for the greater of the following amounts: [¶] (1) Five thousand dollars ($5,000). [¶] (2) Three times the amount of actual damages, if any, sustained by the plaintiff." The second amended complaint alleges sufficient facts for both common law invasion of privacy and a statutory wiretapping violations.

We agree with plaintiffs that they are entitled to seek in their second amended complaint both punitive damages for invasion of privacy and statutory wiretapping and eavesdropping penalties. (*Greenberg* v. *Western Turf Assn.* (1903) 140 Cal. 357, 363 [73 P. 1050]; *Turnbull & Turnbull* v. *ARA Transportation, Inc.* (1990) 219 Cal.App.3d 811, 826 [268 Cal.Rptr. 856]; 6 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 1334, p. 792.) Hence, the motion to strike should not have been granted on the ground asserted by defendants. Once the verdict is returned, plaintiffs, if they prevail, may then elect whether to accept the Penal Code section 637.2, subdivision (a) statutory penalties or the punitive damages award. (6 Witkin at p. 792; *Turnbull & Turnbull* v. *ARA Transportation, Inc., supra,* 219 Cal.App.3d at pp. 826-827; *Marshall* v. *Brown* (1983) 141 Cal.App.3d 408, 419-420 [190 Cal.Rptr. 392].)

We do not address the hypothetical issue of whether punitive damages would be recoverable in the event that plaintiffs recover on their statutory claims but not on their common law invasion of privacy theory. (*Turnbull & Turnbull* v. *ARA Transportation, Inc., supra,* 219 Cal.App.3d at pp. 826-827, denying punitive damages. ["But when a new right, not existing at common law, is created by statute and a statutory remedy for the infringement thereof is provided, such remedy is exclusive of all others unless the statutory remedy is inadequate."]; cf. *Troensegaard* v. *Silvercrest Industries, Inc., supra,* 175 Cal.App.3d at p. 228.) We emphasize our ruling is limited to a challenge of the pleading stage of the punitive damages allegation on the

grounds utilized by the respondent court in response to defendant's motion to strike.

The petition for writ of mandate is granted. The respondent court is directed to set aside the order of April 8, 1998, striking the punitive damage allegations in the first cause of action and paragraph 5 of the prayer for relief in the second amended complaint and issue a new order denying the motion. Plaintiffs, James, Yolanda, and Carol Clauson, and Michelle Clauson-Esparaza, shall recover their costs incurred in connection with these extraordinary writ proceedings jointly and severally from defendants, Pedus Security Services, Inc., Pedus Services, Inc., Pedus Building Services, Inc., Pedus Food Services, Inc., Irving and Mark Singer, and Brian Blomberg.

Armstrong, J., and Godoy Perez, J., concurring.