Filed 1/16/26  Gearing v. Coastside Land Trust CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

THOMAS J. GEARING,

     Plaintiff and Appellant,

v.

COASTSIDE LAND TRUST et al.,

     Defendants and Respondents.

A172723

(San Mateo County
Super. Ct. No. 24-CIV-02322)

Plaintiff Thomas J. Gearing appeals from the trial court's order granting defendants Coastside Land Trust (CLT) and Jo Chamberlain's anti-SLAPP motion to strike Gearing's slander of title claim.  (See Code Civ. Proc., § 425.16.)[1]  Because Gearing has failed to demonstrate prejudicial error, we affirm.

## I.  BACKGROUND

CLT is a non-profit organization with a mission to preserve and protect the open space environment in Half Moon Bay (sometimes referred to by the parties as HMB).  CLT has carried out this mission in part by engaging in advocacy with the City of Half Moon Bay (the City) and by acquiring land currently in open space, including in an area of Half Moon Bay that the

---

[1] "SLAPP" stands for "strategic lawsuit against public participation." (Code Civ. Proc., § 425.18.)  All statutory references are to the Code of Civil Procedure unless otherwise specified.

parties refer to as the "West of Railroad" area (or WRR). Chamberlain served as CLT's executive director until 2024.

Gearing owns several undeveloped parcels of land in the WRR area. To maintain the parcels as open space land, the City sued Gearing for eminent domain in 2021. Gearing countersued. CLT is not a party to the eminent domain action, but Gearing alleged that the City conspired with CLT to diminish the value of his property.

In 2024, Gearing brought this action against CLT, Chamberlain, and Kenneth Habeeb, who is allegedly CLT's "affiliated appraiser" and agent. The complaint asserted a single cause of action for slander of title based on false statements defendants made about Gearing's property and other WRR lots in court proceedings, "to the HMB city council," and in "private" conversations with CLT's sponsors and donors and other Half Moon Bay residents. The allegedly false statements suggested that WRR lots "were not legally recognized and were essentially valueless," and included statements claiming that the lots were "paper" lots, subject to "accelerated bluff erosion," "on or near unstable soil," "not entitled to a water permit," and located in an "Environmentally Sensitive Habitat." (Italics omitted.) The complaint further alleged that defendants provided "fraudulent appraisals" to WRR property owners. Defendants allegedly disseminated the false statements to diminish the value of the lots in the WRR area. The alleged acts or omissions began in November 1997.

Chamberlain and CLT jointly filed an anti-SLAPP motion. The motion argued that the allegations in Gearing's complaint arose from defendants' protected activity because they were based on statements made in furtherance of CLT's mission to protect open space land, statements made in a public forum about issues of public interest, and statements made in

2

connection with the eminent domain action.  The motion further argued that Gearing could not show a probability of prevailing on his claim because he could not prove that defendants made false statements about his property and the WRR area, the allegedly slanderous statements were privileged under Civil Code section 47, and Gearing's complaint, which was filed on April 15, 2024, was time-barred.

Gearing opposed the motion.  He argued that defendants "made repetitive statements from April 15, 2021, to July of 2023, to WRR area lot owners, to the HMB community, to which they relied on these statements that the lots are not worth more than $5,000.  [Chamberlain] shared [fraudulent] appraisals, and the results of the appraisals with" those third parties.  Gearing further asserted that CLT and Chamberlain had not met their burden to show that his cause of action arose from protected activity because the challenged statements were based on "private" communications between defendants and WRR lot owners and the Half Moon Bay community. He argued that he was not alleging that the challenged statements were made in a public forum or that they were subject to the litigation privilege. Finally, Gearing argued that he had demonstrated a reasonable probability of prevailing on the merits of his slander of title claim.

In their reply, CLT and Chamberlain contended that Gearing could not show a probability of prevailing because he failed to proffer evidence that defendants made false statements about his property between 2021 and 2023 or that he suffered harm as a result of their conduct.

Prior to the hearing on the anti-SLAPP motion, the trial court issued a tentative ruling granting the motion with respect to CLT and Chamberlain. At the hearing, Gearing asked the court to strike the words "Half Moon Bay City Council" from his complaint because, he asserted, the challenged

3

statements were made to individual city council members "outside of the forum."

The trial court adopted its tentative ruling and granted the anti-SLAPP motion. This appeal followed.

## II.    DISCUSSION

Section 425.16 authorizes a special motion to strike claims arising from any act "in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue." (§ 425.16, subd. (b)(1).) The purpose of the anti-SLAPP statute is to encourage participation in matters of public significance by allowing defendants "to request early judicial screening of legal claims targeting free speech or petitioning activities." (*Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 880–881.)

"Resolution of an anti-SLAPP motion involves two steps. First, the defendant must establish that the challenged claim arises from activity protected by section 425.16, and if the defendant makes this showing, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success." (*Wittenberg v. Bornstein* (2020) 50 Cal.App.5th 303, 311.)

For purposes of the first prong of the anti-SLAPP analysis, a claim based on a defendant's constitutionally protected acts is subject to an anti-SLAPP motion to strike if the conduct is "in connection with a public issue." (§ 425.16, subd. (b)(1).) Subdivision (e) of section 425.16 enumerates four categories of conduct deemed "in connection with a public issue." The trial court in this case found that the first, third, and fourth of these categories apply, as the slander of title claim targets statements "made before a legislative, executive, or judicial proceeding . . ." (§ 425.16, subd. (e)(1)),

4

statements "made in a place open to the public or a public forum . . ." (§ 425.16, subd. (e)(3)), and "conduct in furtherance of the exercise of [a] constitutional right . . . in connection with a public issue or an issue of public interest" (§ 425.16, subd. (e)(4)). Subdivision (e)(4) is sometimes called the statute's "catchall provision." (*FilmOn.com Inc. v. DoubleVerify Inc.* (2019) 7 Cal.5th 133, 144 (*FilmOn*).)

We review the trial court's ruling on the anti-SLAPP motion de novo. (*Wittenberg v. Bornstein, supra*, 50 Cal.App.5th at pp. 311–312.) We start with the presumption that the trial court's order was correct and appellant has the burden to prove otherwise by presenting legal authority and analysis on each point made, supported by appropriate citation to the relevant facts in the record. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133; see *Luo v. Volokh* (2024) 102 Cal.App.5th 1312, 1322 ["[e]ven though our standard of review is de novo, an appellant 'still bears the " 'burden of affirmatively demonstrating error' " ' "].) If appellant does not meet this burden, the arguments will be forfeited. (*Ewald v. Nationstar Mortgage, LLC* (2017) 13 Cal.App.5th 947, 948.)

As we will explain, Gearing has forfeited many of his claims of error for failing to meet his appellate burden, and the rest of his arguments lack merit.

### A. Prong One: Arising from Protected Activity

Gearing addresses two facets of the first step of the anti-SLAPP analysis: whether defendants' alleged conduct is protected under section 425.16, subdivision (e), and whether his slander of title claim "arises from" defendants' protected activity. (See *Laker v. Board of Trustees of California State University* (2019) 32 Cal.App.5th 745, 760.) Gearing's arguments fail on both grounds.

### 1. *Protected Activity*

In their anti-SLAPP motion, CLT and Chamberlain argued that the statements attributed to defendants in Gearing's complaint were protected under section 425.16. The trial court agreed, concluding that the statements constituted protected activity under subdivision (e)(1) and (3) of section 425.16, because the complaint alleged that Chamberlain made false statements about Gearing's lots "in a declaration" and "restate[d] th[o]se statements to . . . the HMB city council." (Underscoring omitted.) The court further concluded that the statements allegedly made to Half Moon Bay property owners and CLT's donors and sponsors constituted protected activity under section 425.16's catchall provision. (§ 425.16, subd. (e)(4).)

Gearing does not dispute that the statements allegedly made to city council and in a declaration filed in a judicial proceeding are protected under the anti-SLAPP statute. (See § 425.16, subd. (e)(1) [a "written . . . statement . . . made before a . . . judicial proceeding" is protected activity]; *Midland Pacific Building Corp. v. King* (2007) 157 Cal.App.4th 264, 274 [concluding that statements made to city council in connection with application for a development permit were protected activity].) Thus, any arguments on those issues are forfeited. (See *Dubac v. Itkoff* (2024) 101 Cal.App.5th 540, 548.)

While Gearing asserts that defendants' alleged conduct does not fall under the anti-SLAPP statute's catchall provision, his arguments on this issue are conclusory. (See *WFG National Title Ins. Co. v. Wells Fargo Bank, N.A.* (2020) 51 Cal.App.5th 881, 894–895 ["we may disregard conclusory arguments" that are not supported by citations to the record and legal analysis].) In his opening brief, he contends defendants' alleged conduct does not fall under section 425.16, subdivision (e)(4), because the conduct "affected [his] personal property interests," but he does not present any legal analysis,

6

citations to the record, or authority other than section 425.16 in support of the argument. Similarly, in his reply, he asserts that the challenged statements were not made "in connection with an issue of public interest" under section 425.16, subdivision (e)(4), because they "reflect a private dispute over land boundaries and property rights." Again, he provides no citations to the record or meaningful legal analysis in support of his argument.

To determine whether conduct falls within the anti-SLAPP statute's catchall provision, we must apply the two-part test in *FilmOn, supra*, 7 Cal.5th 133. First, looking at the content of a challenged statement, courts must determine whether the statement implicates a public issue or an issue of public interest. (*Id.* at pp. 150–151.) Second, where an issue is of public interest, courts must consider the "functional relationship" between the challenged speech and the public conversation about the matter. (*Id.* at pp. 149–150.) "[W]e examine whether a defendant—through public or private speech or conduct—participated in, or furthered, the discourse that makes an issue one of public interest." (*Id.* at p. 151.)

That the challenged conduct concerns a private dispute or a party's private interests does not automatically exclude it from the scope of the anti-SLAPP statute. Rather, "*FilmOn*'s first step is satisfied so long as the challenged speech or conduct, considered in light of its context, may reasonably be understood to implicate a public issue, *even if it also implicates a private dispute*." (*Geiser v. Kuhns* (2022) 13 Cal.5th 1238, 1253, italics added; see *id*. at p. 1249 [" 'speech is rarely "about" any single issue' "].) The relevant contextual considerations include the identity and number of speakers, the audience, the location of the communication, and the purpose and timing of the communication. (*Id.* at p. 1253.) Likewise, for step two of

7

the *FilmOn* test, courts must consider the identity of the speaker, the audience, and the apparent purpose of the speech.  (*FilmOn*, *supra*, 7 Cal.5th at pp. 142–144, 152.)

In deciding whether the *FilmOn* test is satisfied, a court is not limited to the pleadings; it may also consider the parties' evidence submitted in connection with the anti-SLAPP motion.  (§ 425.16, subd. (b); *Karnazes v. Ares* (2016) 244 Cal.App.4th 344, 353.)

Here, based on the complaint's allegations and the parties' evidence, the trial court concluded that the challenged statements implicate issues of public interest because the public has an interest in the development and conservation of Half Moon Bay's coastline and in the fair market value of parcels in the area due to ongoing eminent domain lawsuits.  The court further concluded that the statements contributed to the public debate on those matters, considering that CLT's mission is to "benefit the public by helping preserve coastal land" in Half Moon Bay, Chamberlain made the statements to Half Moon Bay property owners, the statements were "the same statements/positions" that CLT had been making to the city council and the public for years, and the statements were made during the pendency of the eminent domain proceedings.

As the appellant, it is Gearing's burden to affirmatively demonstrate that the trial court erred in concluding that the challenged conduct reasonably implicates an issue of public interest and that the conduct contributed to the public debate on that issue.  Because the *FilmOn* test requires us to consider the context in which the challenged statements were made in making those determinations (*Geiser v. Kuhns*, *supra*, 13 Cal.5th at p. 1253), it is not enough for Gearing to simply assert on appeal that the statements concern a private dispute and private interests without citing and

8

discussing the relevant evidence or the *FilmOn* test. (See *L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 619 [" 'an appellant must do more than assert error and leave it to the appellate court to search the record' "].) This problem is particularly significant in this case because the record is more than 2,500 pages in length. "[We are] not required to search the record on [our] own seeking error" (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768), and we decline to do so here given the length of the record.

In sum, Gearing has not shown that the trial court erred in concluding that the statements made by defendants, as alleged in the complaint, constitute protected activity under section 425.16.

### 2. *"Arising From"*

The rest of Gearing's analysis under prong one appears to focus on the issue of whether his slander of title claim "arises from" the allegations of protected activity identified by CLT and Chamberlain in their anti-SLAPP motion. A challenged cause of action "arise[s] from" protected activity when it is "based on" the protected activity. (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 78, italics omitted.) Stated differently, " 'the defendant's act underlying the plaintiff's cause of action must *itself* have been an act in furtherance of the right of petition or free speech.' " (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1063.) The focus is on the " ' "core injury-producing conduct upon which the plaintiff's claim is premised." ' " (*Starr v. Ashbrook* (2023) 87 Cal.App.5th 999, 1020.)

Accordingly, to determine whether Gearing's slander of title cause of action arises from protected activity, we must consider the elements of the cause of action and the conduct alleged to supply those elements. (*Park v. Board of Trustees of California State University*, *supra*, 2 Cal.5th at p. 1063.) "Slander or disparagement of title occurs when a person, without a privilege

9

to do so, publishes a false statement that disparages title to property and causes the owner . . . 'some special pecuniary loss or damage.' " (*Sumner Hill Homeowners' Assn., Inc. v. Rio Mesa Holdings, LLC* (2012) 205 Cal.App.4th 999, 1030.) Thus, "[t]he elements of the tort are (1) a publication, (2) without privilege or justification, (3) falsity, and (4) direct pecuniary loss." (*Ibid.*) "Publication of an injurious falsehood is its communication intentionally or by a negligent act to someone other than the person whose interest is affected." (Rest.2d Torts § 630.)

Here, we read the slander of title claim as alleging a disparagement of Gearing's property based on defendants' publication of false statements about WRR lots to WRR lot owners, "the public at large," CLT's sponsors and donors, and "the HMB city council," and in the eminent domain action, including "in a declaration." The complaint alleges that based on defendants' dissemination of the false statements, prospective buyers were deterred from purchasing the lots because they believed the lots were not legal lots "and the values [had] been diminished." The complaint further alleges that defendants used Habeeb's "false" appraisals to persuade WRR lot owners to gift their lots to CLT at a "predetermined value," and that defendants are using those property transactions in the eminent domain action to diminish the value of Gearing's lots. Thus, the " ' "core injury-producing conduct upon which the [slander of title] claim is premised" ' " is the publication of false statements about WRR lots in judicial proceedings and to the third parties mentioned above, and thus those allegations give rise to Gearing's claims.[2] (*Starr v. Ashbrook, supra*, 87 Cal.App.5th at p. 1020.)

_____

[2] At one point in his brief, Gearing asserts he is alleging that the "false appraisal reduced the marketability of his property in a private land transaction" and that "the false appraisal produced by Respondents is not an exercise of their right to speech or petition." If Gearing is suggesting that the

10

In arguing to the contrary, Gearing asserts that he mentioned Chamberlain's declaration in his complaint as "just an example for the court to realize how often [Chamberlain] made these statements." He further argues that "their [sic] were not any statements made to City Council," and he notes that the trial court denied his request to strike the words "the HMB city council" from his complaint. Likewise, in his reply brief, Gearing contends the statements giving rise to his claim were not made in a public forum.

Gearing's arguments suggest a misunderstanding of the governing principles. A plaintiff cannot "disavow their own allegations" in opposing an anti-SLAPP motion. (*Bel Air Internet, LLC v. Morales* (2018) 20 Cal.App.5th 924, 937.) "The question is what is pled—not what is proven." (*Comstock v. Aber* (2012) 212 Cal.App.4th 931, 942.) Moreover, in evaluating the first prong of the anti-SLAPP analysis, we read the complaint as a whole and its allegations in context. (See *Clauson v. Superior Court* (1998) 67 Cal.App.4th 1253, 1255.) Accordingly, at this step of the analysis, Gearing cannot disclaim or read in isolation the allegations in his complaint that Chamberlain made false statements about WRR lots "in a declaration" and to "the HMB city council."

Further, Gearing has not shown that reversal of the order granting the anti-SLAPP motion would be required even if we concluded that the allegations regarding the Chamberlain declaration and the statements she

---

appraisal forms the basis of his slander of title claim, we reject the contention. He does not cite to the record in support of his argument, and our review of the complaint does not reveal any allegations that the appraisal itself, rather than the *publication* of the appraisal, caused Gearing's injuries. (See *Starr v. Ashbrook*, *supra*, 87 Cal.App.5th at p. 1020 ["the determinative issue is whether 'the speech or petitioning activity *itself* is the wrong complained of' "].)

11

made to "the HMB city council" do not give rise to the slander of title claim. Appellant has the burden not only to show error but also prejudice from that error. (Cal. Const., art. VI, § 13; see *F.P. v. Monier* (2017) 3 Cal.5th 1099, 1107.) If an appellant fails to establish prejudice, his claim of error fails. (*Century Surety Co. v. Polisso* (2006) 139 Cal.App.4th 922, 963, called into doubt on another ground by *Wilson v. 21st Century Ins. Co.* (2007) 42 Cal.4th 713, 724, fn. 7.) Here, Gearing argued in his opposition to the anti-SLAPP motion that his slander of title claim was based on statements defendants made in "private communications" to "WRR area, lot owners, and HMB community members," and not on publications made in a public forum or in judicial proceedings. As noted above, the trial court concluded that those private communications fell within the anti-SLAPP statute's catchall provision, and Gearing has not affirmatively shown on appeal that this was error.

To the extent Gearing is suggesting the trial court erred by denying his request to strike "the HMB city council" from his complaint, we reject this argument because Gearing has not shown that the error resulted in prejudice. He does not explain how he could be prejudiced by the denial of his motion to strike when the court concluded that the remaining allegations giving rise to his slander of title claim constituted protected activity.

Gearing's final arguments in his opening brief challenge the trial court's consideration of the subject matter of the challenged statements and the context in which defendants' alleged conduct occurred in evaluating the anti-SLAPP motion. Specifically, Gearing asserts that the court considered whether defendants "appraised the property in furtherance of their mission to conserve land in HMB" and whether "land conservation in HMB is a matter of public interest." He also claims that the court concluded his

12

slander of title claim arose from protected activity based on defendants using "the false appraisal" in the eminent domain action, and because "communications with other landowners simply repeated the statements made in court." Citing *Baral v. Schnitt* (2016) 1 Cal.5th 376 (*Baral*) and *Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995 (*Bonni*), Gearing argues that these considerations and facts provide context for his claim but do not establish that his claim arises from protected activity. We reject his argument for a few reasons.

First, Gearing provides almost no citations to the record in support of his argument. The only citation he presents does not concern the trial court's analysis of the "arising from" aspect of the anti-SLAPP analysis and instead shows that the court, in concluding that defendants' alleged conduct was protected under section 425.16, relied in part on the allegation that CLT and Habeeb provided false appraisals to other property owners.

Second, this is not an argument Gearing made in his opposition to the anti-SLAPP motion or at the hearing on the motion, which occurred after the trial court issued the tentative ruling. (*World Financial Group, Inc. v. HBW Ins. & Financial Services Inc.* (2009) 172 Cal.App.4th 1561, 1569 [stating anti-SLAPP movants forfeited new arguments regarding content of speech], disapproved on another ground by *FilmOn, supra*, 7 Cal.5th at p. 149; *In re Marriage of Nassimi* (2016) 3 Cal.App.5th 667, 695 [" ' "theories not raised in the trial court cannot be asserted for the first time on appeal" ' "].)

Finally, Gearing appears to be conflating the two steps of the prong one analysis and, in doing so, mischaracterizes the trial court's anti-SLAPP analysis. The court considered the subject matter of the challenged statements and the context in which they were made to determine whether the statements constituted protected activity under the anti-SLAPP statute's

13

catchall provision, which protects conduct "in furtherance of" free speech "in connection with . . . an issue of public interest." (§ 425.16, subd. (e)(4).) The court first looked to the subject matter of the statements, e.g., Half Moon Bay land conservation, to assess whether the statements involved an issue of public interest. This was proper. (See *FilmOn, supra*, 7 Cal.5th at p. 145 ["In articulating what constitutes a matter of public interest, courts look to certain specific considerations, such as whether the subject of the speech or activity . . . 'could affect large numbers of people beyond the direct participants' "].) Next, in considering the context in which the statements were made, the court applied the *FilmOn* test to determine whether the challenged speech "was made 'in furtherance of' free speech 'in connection with' a public issue." (*Id.* at p. 140.) As previously discussed, the *FilmOn test* requires courts to consider the audience, speaker, and apparent purpose of the speech, and whether the statements were made " 'in the context of an ongoing controversy.' " (*Id.* at pp. 145, 151–152.) That is exactly what the court did here.

*Baral* and *Bonni*, in contrast, clarify the test for determining whether a claim "arises from" protected activity where a complaint contains allegations of both protected and unprotected activity. (*Baral, supra*, 1 Cal.5th at pp. 392–394; *Bonni, supra*, 11 Cal.5th at p. 1012.) In such situations, courts are "to determine whether particular acts alleged within the cause of action supply the elements of a claim [citation] or instead are incidental background." (*Bonni*, at p. 1012.) " 'Allegations of protected activity that merely provide context, without supporting a claim for recovery, cannot be stricken under the anti-SLAPP statute.' " (*Ibid.*, quoting *Baral*, at p. 394.)

Here, Gearing does not point to allegations of unprotected activity that support his claim for slander of title. And he has not shown that the trial

14

court erred in concluding that allegations of protected activity formed the basis of his claim.[3]

In his reply, Gearing raises two arguments for the first time. First, Gearing contends his slander of title claim arises from defendants' illegal activity, and thus their conduct is not protected by the anti-SLAPP statute. The exception for illegal activity is narrow and is only applied in "*rare cases in which there is uncontroverted and uncontested evidence that establishes the crime as a matter of law.*" (*Cross v. Cooper* (2011) 197 Cal.App.4th 357, 386, italics added.) Second, Gearing argues that the common interest privilege in Civil Code section 47, subdivision (c) does not apply to the conduct giving rise to his slander of title claim.

We deem these arguments forfeited based on Gearing's failure to raise them in his opening brief. " 'Points raised for the first time in a reply brief will ordinarily not be considered, because such consideration would deprive the respondent of an opportunity to counter the argument.' " (*Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764; see *Neighbours v. Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 335, fn. 8 [" '[o]bvious considerations of fairness in [an] argument demand that the appellant present all of his points in the opening brief' "].)

---

[3] In a heading of his opening brief concerning whether defendants' conduct is protected under section 425.16, subdivision (e)(3), and without discussion or citation to the record, Gearing asserts the trial court erred "by holding that Respondent engaged in protected activity as a land conservation nonprofit without analyzing whether such protected activity arose from Plaintiff's single cause of action" and that "Respondents did not establish that any element of Appellant's slander of title claim arose from protected activity." If Gearing intended this to be a separate argument, the undeveloped argument is treated as forfeited on appeal. (See *WFG National Title Ins. Co. v. Wells Fargo Bank, N.A.*, *supra*, 51 Cal.App.5th at pp. 894–895; Cal. Rules of Court, rule 8.204(a)(1)(B).)

Accordingly, we affirm the trial court's prong-one ruling.

**B. Prong Two: Probability of Prevailing on the Merits**

As CLT and Chamberlain met their initial burden, the burden shifted to Gearing to establish a probability that he would prevail on his slander of title claim. We conclude he has not shown that he satisfied his burden at prong two of the anti-SLAPP analysis.

The second step of the anti-SLAPP analysis follows a "summary-judgment-like procedure." (*Sweetwater Union High School Dist. v. Gilbane Building Co.* (2019) 6 Cal.5th 931, 940.) We first determine whether Gearing's prima facie showing is enough to win a favorable judgment. (*Ibid.*) "Claims with minimal merit proceed." (*Citizens of Humanity, LLC v. Hass* (2020) 46 Cal.App.5th 589, 598.)

To make a prima facie showing, Gearing was required to produce evidence supporting each element of his slander of title claim. (See *Citizens of Humanity, LLC v. Hass*, *supra*, 46 Cal.App.5th at p. 597.) As previously noted, "[t]he elements of the tort are (1) a publication, (2) without privilege or justification, (3) falsity, and (4) direct pecuniary loss." (*Sumner Hill Homeowners' Assn., Inc. v. Rio Mesa Holdings, LLC*, *supra*, 205 Cal.App.4th at p. 1030.)

Gearing was also required to produce evidence sufficient to overcome any defense that CLT and Chamberlain asserted against his slander of title claim. (See *Flatley v. Mauro* (2006) 39 Cal.4th 299, 323 ["[t]he litigation privilege [in Civ. Code, § 47] is also relevant to the second step in the anti-SLAPP analysis in that it may present a substantive defense a plaintiff must overcome to demonstrate a probability of prevailing"]; *Bergstein v. Stroock & Lavan LLP* (2015) 236 Cal.App.4th 793, 815, 819–821 [concluding plaintiff

16

could not establish a probability of prevailing because claim was barred by litigation privilege and statute of limitations].)

Here, the trial court concluded that the complaint was time-barred as to any statements made before April 15, 2021, based on the applicable statute of limitations. It further concluded that the statements made in court proceedings and before the city council were not actionable because they were privileged under Civil Code section 47. Finally, the court concluded that Gearing failed to meet his burden to establish a probability of prevailing on his slander of title claim because he did not present evidence that Chamberlain published slanderous statements about his property or the other WRR lots on or after April 15, 2021.

On appeal, Gearing does not dispute that his slander of title claim is time-barred by the statute of limitations to the extent the claim is based on statements made before April 15, 2021. He therefore has forfeited any argument to the contrary. (See *Dubac v. Itkoff*, *supra*, 101 Cal.App.5th 540, 548.)

Gearing instead goes through the elements of a slander of title claim and argues that each element is satisfied here based on statements Chamberlain made to Half Moon Bay residents and WRR lot owners between April 15, 2021 and July 1, 2023. As for the publication element of his claim, Gearing contends that Chamberlain admitted in her deposition that she had been in contact with Half Moon Bay and WRR lot owners and "repeatedly disseminat[ed] false information about their properties." We agree with the trial court that Gearing failed to make a prima facie showing in support of the publication element of his slander of title claim.

First, Gearing fails to provide proper record citations. To the extent Gearing provides any citations to support his factual assertions, he cites to

exhibits and various other documents without identifying the portions in the record where those documents appear.  (See Cal. Rules of Court, rule 8.204(a)(1)(C) [record references in appellate briefs must be supported "by a citation to the volume and page number of the record where the matter appears"].)  While we have identified some of those exhibits in the record, Gearing provides no citations in support of his argument that he made a prima facie showing on the publication element of his slander of title claim.  Accordingly, we may disregard those factual assertions.  (*Del Real v. City of Riverside, supra,* 95 Cal.App.4th at p. 768; *Cassidy v. California Bd. of Accountancy* (2013) 220 Cal.App.4th 620, 628.)

Nonetheless, we were able to locate at least some excerpts of Chamberlain's deposition transcript in the record, none of which support Gearing's claim that Chamberlain made slanderous statements about WRR properties to Half Moon Bay residents and WRR lot owners.  At most, the excerpts show that Chamberlain called some WRR lot owners and sent them letters asking them to gift their lots to CLT.  On this record, we would have to speculate that those communications occurred inside the statute of limitations and included slanderous statements about the WRR lots.  As such, we cannot conclude that Gearing made a prima facie showing that CLT or Chamberlain made false statements to Half Moon Bay residents and WRR lot owners about his property or the other WRR lots during the relevant time period.  (See *Contemporary Services Corp. v. Staff Pro Inc.* (2007) 152 Cal.App.4th 1043, 1058 ["speculation . . . does not constitute a prima facie showing of facts"].)  Simply put, Gearing failed to show a probability of prevailing on his slander of title claim.[4]

---

[4] As a result, we need not consider Gearing's arguments that the jury should decide whether defendants knowingly made false statements and that

## C. Gearing's Remaining Contentions

Gearing presents two other challenges to the order granting the anti-SLAPP motion. We reject these arguments based on Gearing's failure to carry his appellate burden.

First, in a section of his opening brief entitled "the court does not have the power to abolish the slander of title action," Gearing summarizes the history of defamation law and the elements of a slander of title claim via quotations from several cases and a hornbook. (Boldface and capitalization omitted.) He provides no explanation for why the cited principles establish error in this case. It is not our role "to construct theories or arguments which would undermine the judgment." (*Mead v. Sanwa Bank California* (1998) 61 Cal.App.4th 561, 564.) Because Gearing has failed to develop a legal argument, we conclude he has forfeited this contention. (See *WFG National Title Ins. Co. v. Wells Fargo Bank, N.A.*, *supra*, 51 Cal.App.5th at pp. 894–895.)

Finally, without citing the record, Gearing argues that CLT is vicariously liable for the conduct of Habeeb. Gearing purports to quote three paragraphs in his complaint alleging that Habeeb and defendants acted jointly and as CLT's agent to "carry out CLT's mission of acquiring" WRR lots, that defendants used Habeeb's "fraudulent appraisals . . . to persuade the owners" of the lots to gift them to CLT or sell them at a "predetermined value," and that defendants knew their representations about the lots were false. From this, Gearing concludes that all of the defendants made

---

the City cannot use CLT to diminish property values for purposes of a taking in eminent domain. Both arguments assume CLT and Chamberlain made false statements about Gearing's property or the other WRR lots during the relevant time period.

19

materially false statements and acted with malice and with the intent to disparage the WRR lots.

Gearing has forfeited this argument. He has not provided a developed argument with applicable case authority to support this contention or to demonstrate prejudicial error. Notably, Gearing does not claim, and he has not shown, that Habeeb's conduct, as alleged in the complaint, requires reversal here. Moreover, Gearing does not demonstrate where he raised this argument in the trial court, and based on our review of the appellate record, we find no indication he sufficiently raised the issue in the trial court. Rather, the record reflects that his opposition briefly noted, without providing any supporting authority or legal analysis, that CLT and Chamberlain were vicariously liable for Habeeb's conduct. This was insufficient to preserve the issue for appeal. (See *Mendoza v. Trans Valley Transport* (2022) 75 Cal.App.5th 748, 770 [where argument is raised in a "cursory manner" in a brief and is otherwise undeveloped, it is insufficient to preserve issue for appeal].)

In sum, Gearing has not met his burden on appeal of affirmatively demonstrating error.

### III.   DISPOSITION

The order granting CLT and Chamberlain's anti-SLAPP motion is affirmed. Respondents shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)

_____
LANGHORNE WILSON, J.

WE CONCUR:


_____
HUMES, P. J


_____
SMILEY, J.

_Gearing v. Coastside Land Trust et al._ / A172723

21